PELHAM v. EDELMEYER.

(*Circuit Court, S. D. New York.* January, 1883.)

1. PATENTS FOR INVENTION—PLEADINGS—DEMURRER.
   Courts will refuse to decree unless the substantial groundwork of the case in which relief is sought is distinctly alleged in the complaint; but objections to the form of a pleading should be taken by demurrer, and after proof has been taken the bill will not be critically studied to find defects in the form of the pleading.

2. SAME—EVIDENCE.
   Where the proof shows that the complainant had no legal or equitable interest in the matter in controversy, the bill will be dismissed.

3. INFRINGERS—DEFENSES OF.

> Where the defendants were treated in the complaint as ordinary infringers, they were allowed to avail themselves of any defense open to defendants charged with infringement.

*Kitchen & Brown,* for plaintiff.

*J. P. Fitch,* for defendants.

WALLACE, J. Upon the merits of this case it is by no means clear that the agreement for a license does not protect the defendants in the right to make and rent to builders any elevators which embody the invention secured by the patent to Thomas M. Pelham. While that agreement contains clauses restricting the licensee to the right to make and rent a particular class of elevators, there are other clauses which indicate that what the parties really had in view was the compromise of an existing suit and an adjustment of future relations, which would permit both to make and rent to others all elevators covered by the patent, upon a fixed basis of compensation. Why should the parties agree upon a scale of prices to be charged and collected upon all elevators, and upon liquidated damages for a breach of the condition, if the defendants were expected to be restricted to elevators of a special structure? If, as would seem to be improbable, the contracts made by the first party and excepted from the operation of the agreement were for the rental of elevators differing in structure from the infringing elevator, the conclusion would be almost irresistible that the agreement was intended to adjust the rights of the parties respecting the future making and renting of all elevators embodying the patented invention.

It is unnecessary, however it would be legitimate, to determine the controversy upon the main question, because there is a fatal objection to the complainant's case which must defeat his cause of action. So far as appears by the allegations in the bill and by the proofs, the title to the letters patent in suit is not vested in the complainant. Both upon the facts alleged in the bill and disclosed by the proofs, the letters patent became the property of Phebe Pelham, as administratrix of the patentee, as part of his estate. The complainant is the sole devisee and legatee under the will of Phebe Pelham, but the will does not purport to bequeath any property held by her in her representative capacity, and of course could not vest the title to such property in the legatee if it assumed to do so.

Manifestly the objection taken for the first time at the hearing of the cause might have been taken by a demurrer to the bill. If it involved only a question of pleading, and the bill were not defective

in a matter of substance not having been taken by demurrer, the objection would not be available now. The objection is not that there is a defect of parties, but that the complainant has no interest in the subject of the controversy. As to all merely formal defects in the bill the objection must be taken by demurrer. So, also, when there is a defect of parties appearing upon the face of the bill, the defendant must resort to a demurrer or the court is at liberty to make a decree saving the rights of the absent parties. If the proofs disclosed title in the complainant, it would be open to consideration whether the general allegation in the bill, that the complainant is the owner of the patent, would be held sufficient to authorize a decree notwithstanding that allegation is a conclusion of law based upon qualifying facts that negative it.

The rule is familiar that the court will refuse to decree unless the substantial groundwork of the case in which relief is sought is distinctly alleged in the bill; but after proofs have been taken the bill will not be studied critically to find defects, and the most liberal construction will be placed upon the allegations consistent with established rules of pleading. The question here, however, is one of evidence rather than one of pleading. The complainant has failed to show himself possessed of any legal or equitable interest in the letters patent on which the suit is founded. If the bill were perfect the court could not decree for complainant upon the proofs. If the complainant were suing upon the agreement for a license the defendants might not be permitted to deny complainant's title to the patent. But the bill assumes to treat defendants as ordinary infringers. They are therefore at liberty to avail themselves of any defense open to defendants who are charged with infringement.

The bill must therefore be dismissed. As this result may be attributable to a slip in practice, the dismissal will be without prejudice to complainant's right to file another bill.