## Case No. 18,039a.

### WOOSTER v. SINGER MANUF'G CO.

[15 Reporter, 524;[1] 23 O. G. 2513.]

Circuit Court, S. D. New York. April 10, 1883.

PATENTS—REVOCATION OF LICENSE—SUIT FOR INFRINGEMENT—COVENANT NOT TO CONTEST.

The defendant took a license from plaintiff and agreed not to contest the validity of the patent. Subsequently plaintiff revoked the license and sued defendant as an infringer. *Held*, that the commonly expressed judicial opinion is that in such a case the defendant is at liberty to avail himself of any defence ordinarily open to any defendant who is charged with infringement.

Bill in equity founded upon infringement of letters patent. Defendant pleaded a license to make and sell the articles embodying the inventions described in the patent. In the argreement for a license defendant covenanted that it would not contest the validity of the patents. Plaintiff revoked the license on account of defendant's breach of the conditions of the agreement. Defendant since that time has sold articles which embodied the inventions described in the letters patent and has kept them in stock for sale.

F. H. Betts, for plaintiff.
B. F. Lee and J. F. Dillon, for defendant.

SHIPMAN, District Judge, in delivering the opinion of the court, said:

[2] [There are two corporations, each called the "Singer Manufacturing Company,"—one, a joint stock corporation, incorporated in 1863, and located in the city of New York; the other, incorporated in 1873 by the legislature of the state of New Jersey, and a citizen of that state. Mr. George Ross McKenzie, general manager of the New Jersey corporation, testifies that that company was an incorporation of the same persons who composed the New York company; that since the organization of the New Jersey company it is the one under which entirely the business of the Singer Manufacturing Company has been done; that all the property of the New York corporation has been transferred to the other

company; that the officers of each company are the same; and that the principal financial office of the New Jersey corporation is at the same place in New York City where the office of the New York corporation was before the new company was formed. The New York company has a distinct legal existence, and is apparently a legal person, and these two corporations have not become a unit; but the property which was formerly owned, and the business which was formerly done, by the old corporation have been transferred to the new organization.

[On July 2, 1875, the plaintiff, who was about to apply for the two reissues which were afterward obtained, and which are the subject of this bill, entered into two written agreements with the New Jersey corporation for licenses when the reissues should be granted. These agreements were evidently intended to be memorandum agreements, and to be the basis upon which formal licenses, "with the usual clauses, and provisions of licenses of such character," were to be subsequently drawn, and such formal licenses were to be the fulfillment of the preliminary agreements.

[On October 8, 1875, and after the reissued letters patent had been issued, a carefully drawn agreement of license (which was the completed contract contemplated by the agreements of July 2) was entered into between the plaintiff and the New Jersey corporation. The seal of the New York corporation was attached to this agreement, I presume, by inadvertence, for the testimony of Mr. McKenzie, and the fact that the agreements of July 2 were undoubtedly with the New Jersey corporation, leave, in my mind, no room for doubt that the agreement of October 8 was in fact with the same corporation.

[Great stress is laid by the defendant upon the testimony of the plaintiff, as a witness in his own behalf, that he had never granted licenses to the New Jersey corporation, and upon the change of front which the plaintiff's counsel made after the testimony had been taken. It is evident that, until Mr. McKenzie testified, the relations between the two corporations and the fact that the younger corporation alone was in active business, were not well understood by the plaintiff and Mr. Comstock, his attorney, and it may very well be that Mr. Wooster supposed that he could properly say that his contracts were with the New York corporation; but Mr. McKenzie's knowledge of the part which that company had in the business which was done under the name of the "Singer Manufacturing Company" must be much more intimate than that of any other person, and his testimony is convincing that the New Jersey corporation was the licensee.

[In the contract of October 8, 1875, the defendant admitted the "force and validity of said letters patent, and all reissues thereof," and covenanted that it would not contest,

---

[1] [Reprinted from 15 Reporter, 524, by permission.]
[2] [From 23 O. G. 2513.]

not aid, or assist, or advise others to contest, in law or equity, the validity of said patents, or any reissue thereof. It was also provided that, "upon the failure of the party of the second part at any time faithfully to carry out and perform any or either" of the conditions of the contract, the plaintiff could revoke and annul the agreement, in which case the agreement, and all right and privileges of the defendant, should cease and determine.

[On November 28, 1879, the plaintiff, on account of the defendant's breach of the conditions of this agreement, revoked and annulled the license, and gave written notice of this revocation to the defendant. Since November 28, 1879, the defendant has sold articles which embodied the inventions, and described and claimed in said letters patent, and has kept such articles in stock for sale. No examination was had in regard to the infringement, and I suppose that that fact is conceded.] [2]

The plea must be overruled, but an important question which has been discussed in the elaborate briefs of counsel is whether the customary permission to answer shall be granted with or without restrictions upon the contents of the answer. The defendant was a licensee of sundry patents, and by its contract of license has bound itself not to contest the validity of the named patents or of any reissue thereof, and had enjoyed the benefit of the license for a time. The plaintiff revoked the license on account of the defendant's breach of its agreements therein, and now sues the licensee as a naked infringer. The point is whether, such facts appearing on the record, the defendant is remitted to all its former rights, and, being sued as an infringer, can defend as an ordinary infringer. I have heretofore shared the doubts which are expressed by Mr. Curtis (Curt. Pat. 4th Ed.) whether the language of Justice Nelson in Woodworth v. Cook [Case No. 18,011] is to be understood as deciding that a defendant, who had made a definite agreement in his contract of license not to contest the validity of the patent, was, when sued as an infringer after a revocation of the license, remitted to all the rights which he enjoyed before the license, and have doubted, when the fact of a license and of a covenant not to deny the validity of the patent and of an enjoyment of the benefit of the license were found by the court to exist, whether the defendant was in a proper position to deny the validity of the patent. But the more commonly expressed and presumably therefore better judicial opinion is to the effect that when the license has been revoked by the plaintiff and the bill treats the defendant as a naked infringer, he is at liberty to avail himself of any defence ordinarily open to any defendant who is charged with infringement.

[2] [From 23 O. G. 2513.]

Burr v. Duryee [Id. 2,190]; Pelham v. Edelmeyer, 15 Fed. 262; White v. Lee, 14 Fed. 789. I have, therefore, contrary to the opinion expressed after the hearing, determined to draw the decretal part of the order in the ordinary form, without deciding either in favor of or against the claim of the plaintiff, that the answer ought not to contest the validity of the patent, so as to have the question of the extent of the defendant's answer to be decided upon a motion or hearing in which the question shall be directly at issue.

Ordered accordingly.