## PITTSTON–LUZERNE CORPORATION v. UNITED STATES et al.

### Civ. A. No. 3181.

United States District Court
Middle D. Pennsylvania.

Oct. 20, 1949.

Daniel J. F. Flood, James L. Brown, Wilkes Barre, Pa., Raymond A. Livingston, Wilkes Barre, Pa., Daniel S. Ring, Washington, D. C., for plaintiff.

Arthur A. Maguire, United States Attorney, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is a petition for an equitable determination praying for relief from alleged losses suffered in performance of contracts with the United States during the war. The action is brought under the War Contracts Hardship Claims Act, also known as the Lucas Act, c. 864, sections 1–6, 60 Stat. 902, as amended June 25, 1948, c. 646, section 37, 62 Stat. 992, 41 U.S.C.A. § 106 note.

The action is before the Court on a motion by the plaintiff to strike from the de-

fendants' answer to the amended complaint defenses numbered two to eleven, inclusive, and the first partial defense, on the ground that they are redundant, immaterial and impertinent, and that the defenses raise questions which have already been decided by this Court in its Opinion and Order, filed July 19, 1949, D.C., 84 F.Supp. 800, denying defendants' motion to dismiss or for summary judgment.

Even though the language in the defenses numbered two to eleven, inclusive, and in the first partial defense, may be regarded as redundant, immaterial and impertinent, it is not so prejudicial to the plaintiff that the defenses should be stricken. The language of pleadings is addressed to the trial judge, who may withhold it from the jury if he considers that it is in any way immaterial, or even trivial, and, meanwhile, the language complained of by the plaintiff can injure no one.

■ It is true that the matters raised by certain defenses set forth in the answer and complained of by the plaintiff have been considered and ruled upon in this case, but, if the defendants insist on reasserting such defenses in the answer, the plaintiff is in no way harmed. The Order of this Court, filed July 19, 1949, denying defendants' motion to dismiss was but an interlocutory decree, which might be reconsidered and reviewed at any time prior to final judgment. Kenemer v. Arkansas Fuel Oil Co., 5 Cir., 1945, 151 F.2d 567. Reconsiderations appear even more likely in a case under the Lucas Act where little or no appellate review of such proceedings has been had, and where amendments to the Act are presently pending in Congress.

■ The language of Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is permissive, so that the Court to which a motion to strike is addressed has a wide measure of discretion, and such motions should not be granted if the Court is in any doubt that the averments objected to cannot avail as defenses, or if, under any contingency, one of the averments may raise an issue. Radtke Patents Corp. v. C. J. Tagliabue Mfg. Co. Inc., D.C.E.D.

N.Y.1939, 31 F.Supp. 226. Such motions to strike should be granted only where the allegations have no possible relation to the controversy and the moving party will be unduly prejudiced by a failure to strike. Meek v. Miller, D.C.M.D.Pa.1940, 1 F.R.D. 162.

■ The refusal of plaintiff's motion to strike will not prejudice the plaintiff and may, in fact, aid the Court in reaching a proper and final determination of the issues presented under the Lucas Act.

Now, it is ordered that plaintiff's motion to strike from the defendants' answer to the amended complaint defenses numbered two to eleven, inclusive, and the first partial defense be, and it is hereby, denied.