## EMPIRE TRACTOR CORPORATION v. TIME, Inc.

### No. 10116.

United States District Court
E. D. Pennsylvania.
March 29, 1950.

Harold B. Lipsius, Philadelphia, Pa., for plaintiff.

Philip H. Strubing, Evans, Bayard & Frick, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is an action for damages against Time, Inc., the publisher of a magazine in which there appeared an article allegedly libelous of the plaintiff corporation. There is before the Court a motion, under Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A., to strike certain allegations contained in the defendant's answer, on the ground that they are redundant, immaterial, impertinent and scandalous, and also to strike the defense of the statute of limitations on the ground that it has been waived.

The published article complained of contains serious reflections upon the business integrity of the plaintiff corporation. In its answer, the defendant alleges an identification between the business reputations of the plaintiff corporation and of an individual alleged to own and control it, and proceeds to aver the bad business reputation of that individual (paragraphs 5 to 9).

 Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. See Moore's Federal Practice (2d Ed.) vol. 2, page 2317. Matter will not be stricken from a pleading unless it is clear that it can have no possible relation to the controversy, and if there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Pittston-Luzerne Corp. v. United States et al., D.C., 86 F.Supp. 460; Ruven v. Graham, D.C., 71 F.Supp. 876; Samuel Goldwyn, Inc. v. United Artists Corp., D.C., 35 F.Supp. 633, 637; Moore, op.cit. supra.

 Inasmuch as the business reputation of the plaintiff is alleged to have been injured, it is proper for the defendant to attempt to prove that that business reputation was bad. See Bausewine v. Norristown Herald, 351 Pa. 634, 646, 41 A.2d 736. It cannot be said with certainty at this time that proof of the individual's reputation has no relevancy to the issue of the plaintiff corporation's reputation. In any event, the trial judge will be in a better position to decide that issue when the whole case is before him on the pleadings and proofs. The language of the pleadings is addressed to the trial judge, and if he considers that it is in any way immaterial, he may withhold it from the jury. Pittston-Luzerne Corp. v. United States, supra, 86 F.Supp. at page 461; Alropa Corp. v. Heyn, D.C., 30 F.Supp. 668; McLaughlin v. Curtis Publishing Co., D. C., 5 F.R.D. 87. Consequently, the motion to strike paragraphs 5 through 9 of the answer will be denied, and the same general considerations govern a denial of the motion to strike paragraphs 12 and 14.

 With respect to the defense of the statute of limitations however, the parties had stipulated to an extension of time for the defendant "to answer to complaint herein to the merits only * * *." The answer subsequently filed contained an allegation that the action was barred by the statute of limitations. The plaintiff contends that this allegation is not an answer to the merits, and consequently the right to include it in the answer has been waived. The defendant asserts that the statute of limitations is not a mere matter of form, but goes to the very essence of the plaintiff's right to recover, and is consequently an answer to the merits. It is, of course, true that a statute of limitations can effectively preclude recovery, but it nevertheless does not go to the "right" to recover, unless it is a special statutory limitation qualifying a given right. See Guy v. Stoecklein Baking Co., 133 Pa.Super. 38, 1 A.2d 839. A "pure" statute of limitations goes to the ability of the plaintiff to enforce his right. "A statute of limitations provides a procedural limitation but does not deal with substantive rights." In re Philadelphia Electric Co., 352 Pa. 457, 463–464, 43 A.2d 116, 119. The defendant, by agreeing to answer to the merits only, has waived his right to plead the statute of limitations, and an order granting the motion to strike that allegation from the answer will be entered.