## DOBLE v. STANDARD BRANDS, Inc.

### Civ. No. 50–613.

United States District Court
D. Massachusetts.
Jan. 5, 1951.

Robert J. Keating, George W. Price, Boston, Mass., for plaintiff.

Edward B. Hanify and Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendant.

McCARTHY, District Judge.

The complaint alleges that the plaintiff and the defendant entered into a written agreement under the provisions of which the plaintiff installed attachments on tea bagging machines owned by the defendant. The plaintiff made application for and received patent rights covering the attachments and the tea bags produced thereby. He was to be compensated by the defendant according to a "savings formula", but, it is alleged, for a period of time during the life of the agreement the defendant used the attachments without compensating the plaintiff, and after termination of the agreement, the defendant sold twelve machines with attachments covered by a patent of the plaintiff. The action, therefore, sounds in contract for breach of the agreement, and in tort for infringement of patent rights.

The plaintiff, under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., has moved to strike certain defenses raised in the answer which I consider individually although not in the order of their appearance in the pleading.

A portion of paragraph three of the First Defense reads as follows: "Further answering said paragraph 3, the defendant says that if the present action does involve the Patent Laws of the United States as the plaintiff asserts, then the plaintiff has failed to join an *indispensable party* (emphasis supplied), namely, Pneumatic Scale Corporation Limited, a corporation organized under the laws of The Commonwealth of Massachusetts, which corporation claims that it has full right, title and interest in, to and under the United States Letters Patent referred to in paragraph 6 of the plaintiff's complaint."

The Seventh Defense in its entirety reads: "The plaintiff has failed to join an indispensable party to this litigation inasmuch as the defendant is informed and believes and therefore avers that Pneumatic Scale Corporation Limited, a corporation organized under the laws of The Commonwealth of Massachusetts, has full right, title, and interest to the patents referred to in the plaintiff's complaint, and inasmuch as the defendant is informed and believes and therefore avers that by agreement between said corporation and the plaintiff, the rights asserted in the plaintiff's complaint have been irrevocably assigned to said Pneumatic Scale Limited."

With respect to the foregoing portion of paragraph three of the First Defense and the Seventh Defense, the motion to strike is allowed. Whether the action be by way of contract based on the license agreement or by way of tort for infringement, the plaintiff who is not only the licensor but who is also the record owner of the right, title and interest in the patents, is the only indispensable complainant. Potter v. Wilson, C.C.N.Y., 1860, 19 Fed. Cas. page 1193, No. 11,342; Heywood-Wakefield Co. v. Small, 1 Cir., 96 F.2d 496; Sbicca Del-Mac. Inc. v. Milius Shoe Co., D.C., 36 F.Supp. 623, 628; Berqhane v. Radio Corp. of America, D.C., 6 F.R.D. 561. Defendant in his brief and at the hearing has not seriously opposed the motion to strike averments relating to indispensable parties, nor has he cited authorities in opposition to it. So much of paragraph three of the First Defense as is quoted above and the Seventh Defense in its entirety are ordered stricken from the answer.

The plaintiff moves also to strike that portion of paragraph six of the First Defense which reads: "Further answering said paragraph 6, the defendant says that it is informed and believes and therefore avers that Pneumatic Scale Corporation Limited, a corporation organized under the laws of The Commonwealth of Massachusetts, claims that it, rather than the plaintiff, has full right, title, and interest in, to and under said patents." The complaint in this instance assumes to treat the defendant as an infringer on the basis of its conduct after the expiration of the agreement in selling the tea-bagging machines with the patented air-feed attachments. In such case the defendant is at

202

liberty to avail itself of the defense of lack of title. Pelham v. Edelmeyer, 15 F. 262, 264. The plaintiff's reply brief refers to this defense as the "Twenty-second Defense" in Walker on Patents, Deller's Ed., Vol. III, § 680. Proof of lack of title, argues the plaintiff, is admissible under a general denial, and although lack of title may be specially pleaded, it is unnecessary under 35 U.S.C.A. § 67. The defense, however, is not thereby rendered insufficient so as to be subject to a motion to strike under subdivision (f) of Rule 12. Thierfeld v. Postman's Fifth Ave. Corp., D. C., 37 F.Supp. 958, 961; Best Foods, Inc. v. General Mills, D.C., 59 F.Supp. 201, 203. As to this paragraph, therefore, the motion is denied.

The motion to strike is directed also to the Sixth Defense of the answer which reads: "The plaintiff committed a material breach of the warranty in his agreement with the defendant of October 8, 1937, in which he represented that he had the right to make said agreement inasmuch as the defendant is informed and believes and therefore avers that the plaintiff did not have the right to make said agreement because he was not the lawful owner of the invention or inventions described in said agreement." This defense is based on the license agreement. There can be no doubt that the warranty that the plaintiff had the right to make the agreement is of importance, and I have doubt that the portion objected to cannot be availed of as a defense. Any doubt should be resolved in favor of the pleading, especially when it would be more satisfactory to determine the sufficiency of the defense after more facts are known. The court to which a motion to strike under Rule 12(f) is addressed has a wide measure of discretion. Pittston-Luzerne Corp. v. United States, D.C., 86 F.Supp. 460. The question will not be decided summarily. Refusal of the motion will not prejudice the plaintiff and may be of assistance in a final determination of the complex issues involved. American Machine & Metals, Inc. v. De Bothezat Impeller Co., Inc., D.C., 8 F.R.D. 306. The motion to strike the Sixth Defense of the answer is therefore denied.