GAS CONSUMERS' ASS'N v. PHILADEL-
PHIA GAS WORKS CO. et al.

Civ. A. 12610.

United States District Court
E. D. Pennsylvania.

Nov. 7, 1951.

Swartz, Campbell & Henry, of Philadelphia, Pa., for the plaintiff.

Thomas B. K. Ringe, of Philadelphia, Pa., for the defendants.

DELEHANT, District Judge (serving by special assignment).

Consideration has been given to a consolidated motion served by the defendants seeking orders, (a) for more definite statement in respect of certain matters averred in the plaintiff's complaint, Fed.Rules Civ. Proc. Rule 12(e), 28 U.S.C.A.; and (b) for the striking of other material from the complaint, Rule 12(f). The complaint of the plaintiff, a California corporation engaged in business in Philadelphia as a servicer of gas burning equipment, alleges unfair competition with it by the defendants, Pennsylvania corporations, which are respectively (a) a distributor of gas which, as an incident to that primary business, sells and services gas burning equipment, and (b) a holding corporation owning the operating corporation's capital stock, which admittedly has some measure of liability for the operator's conduct, on account of which alleged unfair competition the plaintiff prays for damages in an unnamed amount and for injunctive relief.

The motion for more definite statement is aimed at allegations of the complaint briefly and suggestively identified as follows:

(a) that the operating defendant "has sold and still continues to sell parts at less than *the fair value thereof*" and " * * service at less than *a reasonable value* for such service"; which averments are asserted in the motion to be so ill defined and vague, especially in the light of other statements of the complaint, as to convey to the defendants no clear, precise or answerable meaning;

(b) that the operating defendant "is not entitled under the laws of the Commonwealth of Pennsylvania to any monopoly upon the sale or servicing of gas appliances or the parts thereof", similarly asserted by the motion to be so vague as to defeat understanding;

(c) that the operating defendant discriminates between its customers "in rendering service at less than a fair and reasonable price to other customers, and in selling parts at less than a fair and reasonable price", which is criticised in the motion for more definite statement for vagueness, generality, ambiguity and want of precision touching the meaning of "fair and reasonable", and probably also of "price".

■■ In the estimation of the court, the complaint is not vulnerable to the motion for more definite statement, which must, therefore, be denied. Both by the plain language of Rule 12(e) in its current form, and more especially upon the basis of the history of that rule and its earlier and present application, a motion for more definite statement is allowable only when the pleading at which it is directed is, in the challenged particular, so vague or ambiguous that the moving party can not reasonably be required to frame a pleading responsive to it. See rule 12(e) as originally promulgated and in its present language; Adams v. Hendel, D.C.Pa., 28 F. Supp. 317; Baret v. Koppers Co., D.C.Pa., 6 F.R.D. 465; Byers v. Olander, D.C.Pa., 7 F.R.D. 745; New York Life Ins. Co. v. King, D.C.Pa., 4 F.R.D. 10; Mitchell v. Brown, D.C.Neb., 2 F.R.D. 325; Bowles v. Ohse, D.C.Neb., 4 F.R.D. 403; United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510. An examination of the present complaint absolves it from that censure upon all counts aimed at it.

It is true that the plaintiff uses somewhat indiscriminately the terms, "fair price", "fair value", "reasonable value" and "fair and reasonable price and value", or other variants of them. But the court does not suppose that the attorneys for the defendants are bewildered by such use or really uncertain respecting the alleged practices at which the language is direct-

ed. The same observation may be made respecting the plaintiff's negation (possibly of questionable necessity or purpose) of any monopolistic rights in the operating defendant to the marketing of gas appliances or parts.

But if the defendants be actually uncertain respecting the plaintiff's meaning in the use of the several terms singled out in the motion for more definite statement, they may resort to the liberality of Rule 8(e) (2) in the preparation of their answer or answers. The practice in this court contemplates the employment of that rule. It does not encourage the discreditable, if venerable, usage whereby a defendant was allowed, before answering, to sandpaper and embellish his adversary's petition to suit his own taste.

· It may be observed finally in connection with the motion for more definite statement that to the extent to which in their preparation for trial the defendants shall be entitled to the clarification of the plaintiff's position in the respects under discussion, they may utilize the appropriate procedure or procedures for discovery provided by the rules. Rule 26 et seq.

■■ Nor may the motion to strike be granted. The allegations which it criticises may possibly not establish or fortify any claim in the plaintiff's behalf, and may be quite immaterial. But that does not warrant their excision from its pleading. They are not scandalous in any real sense. Nor can their continued presence in the complaint do any practical harm. If they are immaterial they simply do not matter, and the court need not be at pains to blot them away. Striking material from pleadings is permissive with, not mandatory for, the court. After all, it is the present policy of the trial courts of the United States not to root up cockle in the perilous time of sprouting, but rather to leave its elimination to the harvest season when, without loss or harm, it may be discarded and the good grain preserved as the substance of judgment. Rule 12(f). Hartman Electric Mfg. Co. v. Prime Mfg. Co., D.C.Wis., 9 F.R.D. 510; Empire Tractor Corp. v. Time, Inc., D.C.Pa., 10 F.R.D. 121; Pitts-

ton-Luzerne Corp. v. United States, D.C. Pa., 86 F.Supp. 460; Gross v. Independence Shares Corp., D.C.Pa., 36 F.Supp. 541; Howell v. Gray, D.C.Neb., 10 F.R.D. 268.

An order is being entered accordingly.