**FIRST TRUST & SAV. BANK OF ZANESVILLE, OHIO v. FIDELITY–PHILADELPHIA TRUST CO. and ten other cases.**

Civ. A. Nos. 12264, 12271, 12316, 12326, 12379, 12398, 12407, 12436, 12467 and 12485.

United States District Court
E. D. Pennsylvania.

Nov. 13, 1951.

Pugh, Knapp & Miller, Zanesville, Ohio, and Speiser, Satinsky, Gilliland & Packel, Philadelphia, Pa., for First Trust & Savings Bank of Zanesville, Ohio.

Robert T. McCracken and Robert L. Trescher, both of Philadelphia, Pa., for Merchants Nat. Bank of Quakertown.

Harry E. Sprogell, Philadelphia, Pa., for Oil City Trust Co. and Oil City Nat. Bank. plaintiff.

Gumbart, Corbin, Tyler & Cooper, New Haven, Conn. and James S. Clifford, Jr., and MacCoy, Evans & Lewis, all of Philadelphia, Pa., for New Haven Bank, N. B. A.

Barclay & Barclay, New Haven, Conn., and MacCoy, Evans & Lewis, Philadelphia, Pa., for Second Nat. Bank of New Haven.

William J. Begley, Bristol, Pa. and James S. Clifford, Jr. and MacCoy, Evans & Lewis, all of Philadelphia, Pa., for Bristol Trust Co.

P. Herbert Reigner, Reading, Pa., and Robert T. McCracken, Charles A. Wolfe and Robert L. Trescher, all of Philadelphia, Pa., for First Nat. Bank in Birdsboro.

Krusen, Evans & Shaw, Philadelphia, Pa., for Western Bank.

Harry E. Sprogell and Edmund R. Finegan, all of Philadelphia, Pa., for Jefferson-Gravois Bank.

James S. Clifford, Jr. and MacCoy, Evans & Lewis, all of Philadelphia, Pa., for First Nat. Bank, Philipsburg, Pa.

Arthur Littleton and Thomas B. K. Ringe, of Philadelphia, Pa., for defendant in all cases.

DELEHANT, District Judge (serving by special assignment).

In each of the eleven identified actions a bank, as plaintiff, proceeding solely in its own behalf, sues the common defendant, demanding judgment for a relatively large sum of money. Jurisdiction is premised in all of the cases on the contention that the right to be vindicated arose under the Securities Act of 1933, Title 15 U.S.C.A. § 77a et seq.; in some of them also upon the assertion that the claims therein arose under the Securities Exchange Act of 1934, Title 15 U.S.C.A. § 78a et seq.; and in some four of the cases on the ground of diversity of citizenship, Title 28 U.S.C.A. § 1332(a)(1). No issue touching jurisdiction is now before the court or seems likely to arise hereafter. But the latter observation is not intended to preclude the

possible presentation in any of the actions of such an issue.

With a fairly common, but somewhat diversified, pattern each complaint sets out a claim in which it is charged that the defendant, acting either in its own behalf or as agent for Philadelphia Acceptance Corporation (now, and at the filing of suit, insolvent and in bankruptcy) at a time or times indicated transmitted by mail to the plaintiff in such complaint a draft or several drafts of the Acceptance Corporation accompanied by the ostensible note or notes of a whiskey distilling corporation and the defendant's own signed safe keeping receipt or receipts covering and certifying to its possession of identified warehouse receipt or receipts securing the note or notes and describing specific quantities of whiskey; that the note or notes and basic warehouse receipt or receipts were spurious or issued without authority; and that the plaintiff relying upon the defendant's safe keeping receipt suffered loss in the amount, or in the several amounts, indicated in the complaint. That loss is attributed to the alleged factual untruthfulness of the defendant's safe keeping receipt or receipts, rooted in negligence on the defendant's part; and in connection therewith all of the complaints allege the defendant's violation of the Securities Act of 1933, supra, and some allege its violation also of the Securities Exchange Act of 1934, supra. The complaints also allege the defendant's failure to register under or comply with, and its violation of the terms of, the Pennsylvania Distillery Bonded Warehouse Certificate Act of 1939, 47 P.S. § 801 et seq.

To the complaint in each case the defendant filed a consolidated motion (a) for more definite statement under Rule 12(e), Fed. Rules Civ.Proc. 28 U.S.C. and (b) to strike under Rule 12(f), all allegations touching the defendant's failure to register under or comply with, and its violation of, the Pennsylvania Distillery Bonded Warehouse Certificate Act, supra.

Careful examination has been made of the complaint and motion in each of the several cases with a view to an understanding of their import, both in their common features and in their variations. The court has also been assisted by counsel through the submission of typewritten briefs and oral arguments upon the motions.

It is concluded that the motions should be denied in their entirety in each and all of the cases. The court's comment on that ruling may be made with a measure of brevity disproportionate both to the industry and care with which counsel have submitted the motions and to the amount involved in the litigation, whether regard be had to the demand of each case or to the aggregate sum of all of the judgments asked.

The motion to strike need not be granted in any of the cases. Either the averments respecting the Pennsylvania Distillery Bonded Warehouse Certificate Act are material to, and a proper part of, the claims made or they are not. In the former supposition they should remain before the court. In the latter alternative, they are simply immaterial and their presence in the plaintiffs' pleadings can do no possible harm to the defendant. It may readily, simply and inexpensively make answer and defend upon the point, and its effect may be resolved—as it should be—in the determination of the merits of the case. Empire Tractor Corp. v. Time, D.C.Pa., 10 F.R.D. 121; Pittston-Luzerne Corp. v. United States, D.C.Pa., 86 F.Supp. 460; Gross v. Independence Shares Corp., D.C.Pa., 36 F. Supp. 541; Hartman Electric Mfg. Co. v. Prime Mfg. Co., D.C.Wis., 9 F.R.D. 510; Howell v. Gray, D.C.Neb., 10 F.R.D. 268. This conclusion is the more obviously indicated, since the cases must be defended in any event, and the issue at which the motion to strike is directed is only one phase of the several claims of the plaintiffs.

The motions for more definite statement must also be denied and overruled. The detailed enumeration here of the specifications of vagueness, indefiniteness and generality in the averments of the several complaints singled out in the motions to them respectively directed would unreasonably and quite unnecessarily extend this memorandum. The defendant in its brief,

as a prelude to much greater particularity in its argument, summarizes the principal points assertedly thus faultily averred by the plaintiffs as including:

(a) Allegations as to the violation of the Securities Exchange Act of 1934 and the "rules and regulations" of the Commission;

(b) Allegations concerning plaintiffs' lack of knowledge of the true facts, (involved in only part of the complaints and having to do most directly with the denial of knowledge by the several affected plaintiffs of the infirmities in their paper until some time within one year before the institution of suit, without the further allegation of the existence of particular grounds why with reasonable diligence the plaintiffs in question could not have come earlier upon such knowledge);

(c) Allegations regarding the defendant's "misrepresentations" and omissions to reveal facts;

(d) Allegations respecting the "questionable" or "doubtful" validity of some of the notes identified in the pleadings and the financial responsibility of the Acceptance Corporation;

(e) Allegations as to the basis of "duties" of the defendant to the several plaintiffs, assertedly violated or disregarded by the defendant; and

(f) "Other respects also", which in argument are disclosed to include, suggestively but not exclusively, (1) averments that the defendant's acts leading to the purchases of paper by the several plaintiffs were "for consideration" or "for a consideration"; (2) averments that such acts were part of its "regular business activities" or in the course of its "regular business", in each instance without supporting factual particularity; (3) allegations in some complaints that the defendant "sold" the challenged paper, despite the fact disclosed by other averments, as the defendant contends that it was merely a conduit for the transmittal of such paper; (4) allegations in some complaints that the plaintiffs therein "paid" for the paper without a pleading of the details of the making of such payments; (5) references in some of the complaints to the defendant's "issuance" of its own receipts, to "written communications" by which the challenged sales of paper were made, and to the challenged paper as "securities" without more precise limitation of that term.

In ruling upon a motion for more definite statement under Rule 12(e), a district court must not neglect the clear language and necessary limitation of the rule in its present form. Such a motion may properly be granted only on an occasion when the pleading which it criticizes is so vague or ambiguous that the moving party can not reasonably be required to frame a pleading responsive to it. Rule 12(e) (both in its original form and as it now stands); Adams v. Hendel, D.C.Pa., 28 F.Supp. 317; Baret v. Koppers Co., D.C. Pa., 6 F.R.D. 465; Byers v. Olander, D.C. Pa., 7 F.R.D. 745; New York Life Ins. Co. v. King, D.C.Pa., 4 F.R.D. 10; Mitchell v. Brown, D.C.Neb., 2 F.R.D. 325; Bowles v. Ohse, D.C.Neb., 4 F.R.D. 403; United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510. It is worthy of note that even in its initial somewhat vague language, the rule was generally appraised by the courts, in the light of its purpose and logical place in the course of litigation, to have the meaning clearly expressed in its present language, and that, in its current form, it represents a regularization of the prevailing judicial definition of the original rule.

Measured by the language and purpose of the rule, the motions for more definite statement are not well taken. The single inevitable and appropriate question whether the defendant can reasonably be required to frame answers to the several complaints in their existing language must be answered affirmatively. Actually, the complaints are not vague or ambiguous. They set out fairly simple and familiar banking transactions in language which bankers and lawyers enjoying a banking clientele understand. And, to the extent to which they speak in the general terms already singled out and in part emphasized by quotation marks, they seem clearly to

refer to the specific acts elsewhere within their averments clearly pleaded.

It may be added that if the defendant be in real doubt respecting the meaning of one or more of its adversaries upon some of the criticized points of the complaints, it may plead alternatively and tentatively in those respects. Rule 8(e)(2).

One point made in the defendant's argument and briefs may receive special attention. In explaining their failure to bring their suits within one year after certain of the transactions involved, the plaintiffs thus affected have alleged their failure until a time less than one year before suit to learn of the vices in their paper on which they rely for recovery against the defendant. If, in point of fact, they or one or more of them in the exercise of reasonable diligence should have acquired such knowledge more than one year before the time or times of instituting the respective suits, the defendant may so aver in its answer or answers. In fact, that seems to be the logical and appropriate place for the tender of such an issue, whether the tardiness in suing invites the pleading of the statute of limitations, strictly understood, and therefore requires the application of Rule 8(c), or has to do with the loss through inaction of a right arising or created under a specific statute which also limits the time for its assertion.

That, before trial, some clarification, definition, or limitation of meanings may be due to the defendant upon some of the challenged points is probable. If so, it may be obtained through appropriate discovery procedures within the ample reach of Rules 26 to 36, inclusive.

An order is being prepared and entered, accordingly in each of the cases.

One copy of this memorandum will be filed in each case. A single copy of it will be sent to each attorney or firm of attorneys involved, irrespective of the number of the cases in which they respectively appear, along with a copy of the order now made and given and herein announced, in each of their several cases.