Miguel Lopez **LOPEZ, as Administrator of the Estate of Carlos Lopez Herrera, deceased, et al., Plaintiffs,**

v.

**RESORT AIRLINES, Inc., and Slick Airways, Inc., Defendants.**

**Jesus Perez MEDINA, Plaintiff,**

v.

**RESORT AIRLINES, Inc., and Slick Airways, Inc., Defendants.**

United States District Court
S. D. New York.
July 12, 1955.

Golenbock & Komoroff, New York City, Donald S. Sherwood and Harvey B. Nachman, New York City, of counsel, for plaintiffs Lopez, et al. and for plaintiff Medina.

Condon & Forsyth, New York City, Austin P. Magner, New York City, of counsel, for defendant Resort Airlines, Inc.

Bigham, Englar, Jones & Houston, New York City, Paul Pennoyer, Jr., New York City, of counsel, for defendant Slick Airways, Inc.

WEINFELD, District Judge.

These are a series of thirty-six consolidated actions arising out of an airplane crash in Louisville, Kentucky. They include fourteen suits by survivors who seek to recover damages for personal injuries and also twenty-two suits by the representatives of estates of passengers who were killed for their wrongful deaths. The injured and deceased were all members of the United States Army. Recovery is sought against Resort Airlines, Inc., the carrier, which is charged with negligent operation of the plane, and against Slick Airways, Inc., charged with negligent servicing and maintenance of the plane.

The matter is before the Court on a motion by plaintiffs pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C., to strike seven affirmative defenses interposed by the defendant Slick Airways, Inc. There is also before the Court a separate motion made to strike substantially similar defenses interposed by Slick in a companion action brought by one Jesus Perez Medina. The motion is also directed against affirmative defenses set up by Resort in the Medina action, which are identical with two of those interposed by Slick. The motions will be treated together in the order in which they are raised in the consolidated action.

The first defense asserts that the passengers in the ill-fated craft assumed the risks of airline travel. The survivor plaintiffs and the deceased were passengers for hire on a common carrier. In view of the high degree of care owed by a common carrier to its passengers [1] there is no basis for the claim of assumption of the risk. This doctrine contemplates a known dangerous condition. It has been defined by Chief Justice Taft, then sitting as a Circuit Judge, as " * * * the acquiescence of an ordinarily prudent man in a known danger, the risk of which he assumes by contract." [2] Does a passenger entering upon the modern commercial plane voluntarily assent to a known danger either with respect to the plane itself or its operation? I think not. The airplane, like the automobile and the railroad, has come to stay. The experimental days of the airplane with the dangers incidental to any system of trial and error are long passed and the airplane as a mode of travel holds out to the fare-paying passenger the same assurance of proper conveyance as the railroad, the steamship or the bus. The Court takes judicial notice of the extensive advertising campaigns by various airline companies subtly emphasizing the safety of travel on their lines. At this date there is as little justification for upholding this defense as there would

---

1. Chesapeake & O. R. Co. v. Morgan, 129 Ky. 731, 112 S.W. 859, 860; Henson v. Fidelity & Columbia Trust Co., 6 Cir., 68 F.2d 144, 145.

2. Narramore v. Cleveland, etc., 6 Cir., 96 F. 298, 304.

**40**

be in the case of other accepted means of conveyance.

Nor does the fact that Slick was an independent contractor doing maintenance work on the aircraft make this defense sufficient for under no conceivable circumstance could the mere purchase of an airplane ticket by passengers in any way alter its liability.

█ The first defense also asserts that the accident was due to an act of God rather than defendant's negligence. If so, no liability could be imposed. Whether an act of God actually caused the accident presents an issue of fact which cannot, of course, be decided on a motion to strike.[3] And although the defense may be redundant as an affirmative pleading of matter which could be proved under a general denial, no prejudice has been shown. "Whether a defense must be pleaded affirmatively or can be proven under a general denial will not be decided on a motion to strike the defense".[4] To the extent that the first affirmative defense pleads an act of God it may stand but the claim of assumption of the risk will be stricken.

█ What has been said with regard to the act of God portion of the first defense applies with equal force to the second affirmative defense which alleges that the accident occurred not through any negligence of the defendant Slick, but due solely to the negligence of third

parties for whose acts Slick is not liable. Again, the defense may perhaps be redundant as adding little to the general denial, but it does not appear to be prejudicial and will be allowed to stand.[5]

█ By the third defense, which is asserted only in the consolidated action, Slick claims that the Court lacks jurisdiction for the reason that it was never properly served. This defense will be stricken since the contention there advanced has been presented previously and rejected.[6]

█ The fourth defense, that the actions are barred by the Kentucky one year statute of limitations applicable to actions for wrongful death and personal injuries,[7] stands on a different footing in each action. In the Medina suit, the defense appears upon its face to be legally sufficient since the complaint was not filed until more than one year after the date of the accident. While the plaintiff, by affidavit, asserts that the statute was tolled under 50 U.S.C.A.Appendix, § 525 by reason of his military service, the general rule is that on a motion under Rule 12(f) the Court will not consider matters outside the pleadings.[8] In the Medina action the defense of the statute of limitations will be permitted to stand. However, in the Lopez, or consolidated, action, the Court records of which this Court takes judicial notice indicate that the complaint was filed within one year of the date of the accident. Since "A

3. Reid v. Doubleday & Co., D.C.N.D. Ohio, 109 F.Supp. 354, 357; Hill, Brown Corp. v. Bosler, D.C.R.I., 14 F.R.D. 170; Milkman v. Aetna Life Ins. Co., D.C.E.D.N.Y., 36 F.Supp. 116.

4. 2 Moore's Federal Practice, 2 Ed., ¶ 12.-21, p. 2320, and cases cited.

5. Doble v. Standard Brands, D.C.Mass., 11 F.R.D. 200, 202; Chasan v. Mutual Factors, D.C.S.D.N.Y., 3 F.R.D. 477, 478; Best Foods v. General Mills, D.C. Del., 59 F.Supp. 201, 203; Thierfield v. Postman's Fifth Avenue Corporation, D.C.S.D.N.Y., 37 F.Supp. 958, 961; Frederick W. Huber, Inc., v. Pillsbury Flour Mills Co., D.C.S.D.N.Y., 30 F. Supp. 108, 109.

6. In an order dated January 3, 1955, Judge Edelstein denied the defendant's motion to vacate service of the complaint.

7. Kentucky Rev.Stat. § 413.140; St. Clair v. Bardstown Transfer Line, 310 Ky. 776, 221 S.W.2d 679, 680, 10 A.L.R.2d 560.

8. O'Malley v. Elder-Dempster Lines, D.C. S.D.N.Y., Civ. 82–65, decided July 16, 1953; United States v. Arnhold and S. Bleichroeder, Inc., D.C.S.D.N.Y., 96 F. Supp. 240, 243; Seacoast Liquor Distributors v. Kips Bay Brewing Co., D.C. S.D.N.Y., 8 F.R.D. 74.

civil action is commenced by filing a complaint with the court",[9] the action was timely brought, and the defense must be stricken as insufficient.

 In their fifth, sixth and seventh defenses, the defendants contend that Puerto Rico, of which plaintiffs are citizens, is neither a State nor a Territory within the meaning of 28 U.S.C. § 1332 (b) and hence they challenge the jurisdiction of this Court to entertain a suit between a citizen of Puerto Rico and citizens of one or more States of the United States. Whether Puerto Rico falls within the definition of State, foreign state, or Territory as used in 28 U.S.C. § 1332 raises substantial and far-reaching questions [10] in view of its recently acquired Commonwealth status.[11] Strong arguments can be made in support of the position that the newly established Commonwealth comes within the scope of § 1332, but the complexity of the problem is sharply pointed up by the dictum of Chief Judge McGruder in Mora v. Mejias, 1 Cir., 206 F.2d 377, 387. So important and disputed a question of law should not be decided on a motion to strike under Rule 12(f). "Motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party. * * * Nor have the courts been willing to determine disputed and substantial questions of law or the legal consequences of pleadings upon a motion to strike." [12]

The motions are granted to the following extent: (1) In the consolidated action the first affirmative defense insofar as it relates to assumption of the risk, the third affirmative defense, and the fourth affirmative defense are stricken; (2) in the Medina action the first affirmative defense insofar as it relates to assumption of the risk is stricken.

In all other respects the motions are denied without prejudice to the plaintiffs' right to proceed under other applicable rules.

Settle order on notice.

9. Rule 3, Federal Rules of Civil Procedure.

10. See, Mora v. Mejias, 1 Cir., 206 F.2d 377; Arbona v. Kenton, D.C.S.D.N.Y., 126 F.Supp. 366; Magruder, The Commonwealth Status of Puerto Rico, 15 Pitt.L.Rev. 1.

11. 64 Stat. 319, 48 U.S.C.A. §§ 731b to 731e; 66 Stat. 327.

12. Tivoli Realty v. Paramount Pictures, D.C.Del., 80 F.Supp. 800, 803; Hill, Brown Corp. v. Bosler, D.C.R.I., 14 F.R.D. 170; Wilkinson v. Feild, D.C. W.D.Ark., 108 F.Supp. 541, 545; Maschmeijer v. Ingram, D.C.S.D.N.Y., 97 F. Supp. 639, 641; United States v. Arnhold and S. Bleichroeder, D.C.S.D.N.Y., 96 F.Supp. 240, 243; American Machine & Metals, Inc., v. De Bothezat -Impeller Co., D.C.S.D.N.Y., 8 F.R.D. 306, 308; Klages v. Cohen, D.C.E.D.N.Y., 7 F.R.D. 216; Burke v. Mesta Machinery Co., D. C.W.D.Pa., 5 F.R.D. 134.