**Nan L. FOX, Administratrix of the Estate of Alec B. Fox, deceased,**

**v.**

**TRANS WORLD AIRLINES, Inc.**

**Civ. A. No. 22222.**

United States District Court
E. D. Pennsylvania.
July 26, 1957.

Arthur T. Gillespie, Allentown, Pa., for plaintiff.

Robert E. Jones and Rawle & Henderson, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This matter is before the court on motion by plaintiff, Nan L. Fox, Administratrix of the Estate of Alec B. Fox, deceased, under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C., to strike affirmative defenses interposed by defendant, Trans World Airlines, Inc.

This action for damages under the Pennsylvania Survival Act, 20 P.S. § 320.601 et seq. and Wrongful Death Act, 12 P.S. § 1601 et seq., arose out of the crash of defendant's regularly scheduled airplane after its take-off from the Greater Pittsburgh Airport. Plaintiff's decedent was a passenger for hire on such airplane, having purchased a ticket at Pittsburgh, Pennsylvania, for passage from Pittsburgh to Allentown, Pennsylvania. Plaintiff seeks recovery for injuries from this crash, which resulted in decedent's death, and alleges in the complaint that "the negligent condition, maintenance and operation" of defendant's airplane, which "was then and there being operated exclusively by its duly assigned agents, servants, or employees, who were then and there acting within the scope of their employment, and in and upon the business of the said Defendant, Trans World Airlines, Inc.," caused the crash.

Defendant's third and fourth defenses, paragraphs numbered 15 and 16, are the subject matter of this motion to strike and read as follows:

"Third Defense

"15. At the times mentioned in the Complaint herein, the aircraft operated by defendant, and all of its accoutrements, were not in the exclusive management or control of defendant, its agents, servants or employees, but were subject to and under the control of others, including the instrumentalities, agencies and employees of the United States, and if the matters complained of in the

Complaint herein were due to the fault or neglect of any person or party, then they were due to the fault or neglect of said other persons or parties, including the instrumentalities, the agencies and employees of the United States, for whose acts, fault and neglect the defendant, Trans World Airlines, Inc., is not responsible.

"Fourth Defense

"16. That the travel of Alec B. Fox on said aircraft was made subject to, in connection with and with his acceptance of the risks and perils of the air through which said aircraft travelled, and Acts of God, over all of which the defendant had no control; * * * and the resulting alleged damages and/or injuries, if any there be, arose out of and resulted from said risks and dangers and said Acts of God."

As to paragraph 15, plaintiff contends that it is redundant and insufficient and could be raised under a general denial. Specifically, plaintiff alleges that it is a reallegation and repetition of paragraph number 8 of the answer, which reads as follows:

"8. Defendant denies each and every allegation contained in paragraph 8 of the Complaint, except that defendant admits that said airplane was being physically operated by its agents, servants or employees upon the business of the defendant. Defendant specifically denies that said airplane was under the exclusive operation and control of defendant, its agents, servants or employees."

■ From a comparison of the factual matter in paragraph 8 and paragraph 15, it appears that defendant, in paragraph 15, is attempting to raise an affirmative defense in that the negligence that caused the crash of defendant's airplane came from a source other than those under defendant's control, namely, from "the instrumentalities, the agencies and employees of the United States." But even if such matter could be raised under a general denial, a motion to strike will not be granted if the allegations, even though immaterial, can do no possible harm to the moving party by their continued presence in the pleading, and the effect of the point can better be resolved at the trial on the merits of the case. First Trust & Savings Bank of Zanesville, Ohio v. Fidelity-Philadelphia Tr. Co., D.C.E.D.Pa.1951, 12 F.R.D 195; Gas Consumers Ass'n v. Philadelphia Gas Works Co., D.C.E.D.Pa.1951, 12 F.R.D. 125;[1] 2 Moore's Federal Practice, 2nd Ed., § 12.21, pp. 2312–2320.[2] Cf. Chi-

---

[1]. In Gas Consumers Ass'n v. Philadelphia Gas Works Co., supra, 12 F.R.D. at page 127 the court reasoned as follows:

"Nor may the motion to strike be granted. The allegations which it criticises may possibly not establish or fortify any claim in the plaintiff's behalf, and may be quite immaterial, but that does not warrant their excision from its pleading. They are not scandalous in any real sense. Nor can their continued presence in the complaint do any practical harm. If they are immaterial they simply do not matter, and the court need not be at pains to blot them away. Striking material from pleadings is permissive with, not mandatory for, the court. After all, it is the present policy of the trial courts of the United States not to root up cockle in the perilous time of sprouting, but rather to leave its elimination to the harvest season when, without loss or harm, it may be discarded and the good grain preserved as the substance of judgment."

[2]. See, especially, pp. 2317–2318 of 2 Moore's Federal Practice, supra, where it is stated that:

"Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are re-

cago Pneumatic Tool Co. v. Ziegler, D.C. E.D.Pa.1941, 40 F.Supp. 416, 418.[3]

As in the First Trust & Savings Bank case, supra, 12 F.R.D. at page 197, "This conclusion is the more obviously indicated, since the cases must be defended in any event, and the issue at which the motion to strike is directed is only one phase of the several claims of the plaintiffs."

As to paragraph No. 16, plaintiff contends that it is "redundant as a matter of law in that the defenses of assumption of risk and Act of God are improper defenses to the claim set forth in the plaintiff's complaint herein."

■■■ Defendant's pleading of an Act of God as having caused the crash presents an issue of fact which cannot be decided at this time. Although, along with paragraph 15, it "may be redundant as an affirmative pleading of matter which could be proved under a general denial, no prejudice has been shown. 'Whether a defense must be pleaded affirmatively or can be proven under a general denial will not be decided on a motion to strike the defense.'" Lopez v. Resort Airlines, D.C.S.D.N.Y.1955, 18 F.R.D. 37, 40; cf. Dierks v. Alaska Air Transport, D.C.D.Alaska 1953, 109 F. Supp. 695, 698.[4]

■■ Finally, in view of the well settled rule that a passenger on a common carrier does not assume the risk of an injury to himself or his property due to the negligence of the carrier, and the modern view that the rules applicable to common carriers of passengers apply with equal force to aircraft, it follows that the defense of assumption of risk is without merit and is stricken. Urban v. Frontier Air Lines, D.C.D.Wyoming 1956, 139 F.Supp. 288, 289; Lopez v. Resort Airlines, D.C.S.D.N.Y.1955, 18 F.R.D. 37, 39; Dierks v. Alaska Air Transport, supra. Cf. Curtiss-Wright Flying Service v. Glose, 3 Cir., 1933, 66 F.2d 710; and Gray v. Pennsylvania R. Co., D.C.S.D.N.Y.1946, 71 F.Supp. 683.[5]

### Order

And Now, July 26, 1957, it is ordered that plaintiff's motion to strike under F.R.Civ.P. 12(f) is denied, except that

---

dundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party."

3. Gray v. Pennsylvania R. Co., D.C.S.D. N.Y.1946, 71 F.Supp. 683, relied on by plaintiff, does not involve a factually analogous situation.

4. Plaintiff, in its motion to strike, does not assert the insufficiency of the manner of the allegation of such defense of an Act of God, and it is noted that it is not required that every element of such an occurrence be set forth. See Dierks v. Alaska Air Transport, D.C.D.Alaska 1953, 109 F.Supp. 695, 698. "A legal conclusion is no longer frowned upon. It is adequate to apprise the plaintiff of what he must meet and the burden will be on the defendant to prove it."

5. Cohn v. United Air Lines Transport Corporation, D.C.D.Wyoming 1937, 17 F. Supp. 865, cited by defendant, is exemplary of the old rule that prevailed in the experimental days of the airplane. The new approach to airplane travel as a mode of travel similar to that of any other public conveyance is exemplified in Lopez v. Resort Airlines, supra, 18 F.R.D. at pages 39–40:

"Does a passenger entering upon the modern commercial plane voluntarily assent to a known danger either with respect to the plane itself or its operation? I think not. The airplane, like the automobile and the railroad, has come to stay. The experimental days of the airplane with the dangers incidental to any system of trial and error are long passed and the airplane as a mode of travel holds out to the fare-paying passenger the same assurance of proper conveyance as the railroad, the steamship or the bus. The Court takes judicial notice of the extensive advertising campaigns by various airline companies subtly emphasizing the safety of travel on their lines. At this date there is as little justification for upholding this defense as there would be in the case of other accepted means of conveyance."

This does not mean that plaintiff is excused from its burden of proving that failure by defendant to use the requisite degree of care required by Pennsylvania law was a substantial factor in causing the accident, since defendant is not liable, for example, for an unavoidable accident.

the defense of assumption of risk in the fourth defense of the Answer (paragraph 16) (from the word "that" in line 5 to and including the word "dangers" in line 9, and in line 10 from the word "said" to and including the word "and" in line 11) is stricken.