MAQUINARIAS BOLIVAR, C.A.,
Plaintiff,

v.

LINK–BELT COMPANY, Defendant.

Civ. A. No. 27963.

United States District Court
E. D. Pennsylvania.
July 8, 1960.

Harry Norman Ball, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Philadelphia, Pa., for defendant.

CLARY, District Judge.

Before the Court for decision are (1) defendant's motion under Rule 12(e) F.R.Civ.P., 28 U.S.C. for more definite statement, and (2) defendant's objections to all of the interrogatories filed by the plaintiff Numbers 1 to 16 inclusive. A formal hearing was held on defendant's objections to the interrogatories, and briefs were submitted by each side in support of and against the motion for a more definite statement.

At the outset it may be said that the plaintiff's statement is an example of notice pleading that does not warrant emulation. It pleaded a contract for sales representation of the defendant by the plaintiff with a commission of 10% on sales and in effect states little more. However, it developed at the hearing that

plaintiff was appointed in writing on or about May 16, 1956 as the sales representative of the defendant for products manufactured by the defendant and purchased from it by Orinoco Mining Company at Puerto Ordaz, Venezuela. It also appears that Orinoco is a subsidiary of United States Steel Corporation.

The contract was in existence from on or about May 16, 1956 to December 31, 1957, when it was terminated in writing. The provisions of the sales representation contract, the alleged basis of the suit, excluded from commission computations, engineering services rendered in connection with sales of materials to Orinoco as well as commissions on sales of goods not manufactured by Link-Belt but purchased by it for inclusion in Orinoco work. With this clarification of the atmosphere, it seems that the defendant now is in a position to answer the complaint and, therefore, the motion for a more definite statement will be denied. See First Trust & Savings Bank of Zanesville, Ohio v. Fidelity-Philadelphia Trust Co., D.C.E.D.Pa.1951, 12 F. R.D. 195.

Turning to the objections to the interrogatories, it would appear that they are extremely searching and may require extensive review of Link-Belt's records. The explanation given at the hearing was that many persons on behalf of Orinoco ordered at different times and at different places materials from Link-Belt, about many of which orders plaintiff has no knowledge. The objection that this would be unreasonably burdensome is without merit. Plaintiff is merely asking information to which it is entitled, if the contract is eventually upheld on its theory of the case. On the other hand, plaintiff has asked, in interrogatory No. 15, that the defendant list in detail all orders received by defendant from Orinoco during the period December 31, 1957 and December 31, 1958. I feel that the objection to that interrogatory is well taken and the answer to that interrogatory will be limited to orders received by Link-Belt from Orinoco up to December 31, 1957, which contracts were completed in 1958. With respect to interrogatory No. 16, touching upon orders received by defendant from Orinoco, but not accepted by the defendant, the period will be limited from May 16, 1956 to December 31, 1957, rather than to December 31, 1958.

An order will be entered in this case without prejudice to the right of the defendant to file further objections to interrogatories Numbers 1 to 14 inclusive, in the event it should deem any particular interrogatory too burdensome in the light of what has been said above.

### Order

And Now, to wit, this 8th day of July, 1960, for the reasons set forth in the foregoing memorandum Opinion, it is Ordered, Adjudged and Decreed:

1. That defendant's motion for a more definite statement be and it is hereby Denied.

2. That defendant's objections to interrogatories Numbers 1 to 14 inclusive be and they are hereby Denied, without prejudice.

3. That defendant's objections to interrogatories Numbers 15 and 16 (the interrogatories being modified as set forth above) be and they are hereby Denied.