See also D.C., 106 F.Supp. 316.

### FEDERAL DEPOSIT INS. CORP.
### v. ALTER et al.
### Civ. No. 10514.

United States District Court
W. D. Pennsylvania.
Feb. 13, 1953.

George R. Craig, Pittsburgh, Pa., for plaintiff.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for Charles R. Alter & Mary B. Alter.

W. James Aiken, Jr., Pittsburgh, Pa., for Edward H. Blackburn and S. J. Rygiel.

**68**

GOURLEY, Chief Judge.

This matter comes before the Court on motions to dismiss the complaint and/or to strike from the complaint certain averments.

The complaint alleges that each of the four defendants was a director of the Parnassus National Bank during periods therein specified; that defendant Charles R. Alter was also president of the said bank during the period therein specified; that each of the four defendants, as directors of the bank, and particularly Charles R. Alter as president thereof, knowingly and intentionally violated and permitted to be violated various statutes of the United States regulating the conduct of the business and affairs of the bank and negligently failed to exercise ordinary care and diligence over its affairs; and that as a result thereof the bank suffered direct losses in excess of $600,000 due to various dishonest and fraudulent acts on the part of one Ludwig R. Schlekat, an officer and employee thereof.

The complaint also alleges that defendants Charles R. Alter and Mary B. Alter sold 545 shares of the capital stock of said bank owned by them for the sum of $254,500 and that the net proceeds of the said sale ($246,865) paid to Charles R. Alter and by him deposited to his personal checking account in the bank had been abstracted and embezzled from the very bank of which Charles R. Alter was then president and of which both he and his wife were directors and whose funds they were duty bound to protect.

The complaint sets forth that the Parnassus National Bank was an "insured bank" and a "national member bank" as defined by Section 1813, Title 12 U.S.C.A., and that plaintiff, Federal Deposit Insurance Corporation, upon application having been made to it, and under and by virtue of the authority granted in subsection (e) of Title 12 U.S.C.A. § 1823, purchased certain of the assets of the bank, including therein all rights of action against the officers and directors thereof, and acquired and now holds the absolute title thereto, such purchase of assets being consummated for the purpose of making it possible for another insured bank to assume the deposit liabilities of the said Parnassus National Bank.

Defendants' motion to dismiss is based upon the contention that the complaint fails to state a cause of action by reason of the failure on the part of the Federal Deposit Insurance Corporation to allege any specified amount of loss and hence has failed to assert a legal interest in the proceeding.

During the course of argument, however, defendant counsel recognized the technical nature of his contention, and agreed to forego his motion to dismiss if the Federal Deposit Insurance Corporation amended its complaint by appending thereto a true copy of the existing agreement between the Federal Deposit Insurance Corporation and Parnassus National Bank whereby the Federal Deposit Insurance Corporation acquired the choses in action pursuant to which it has become a party to this proceeding.

The complaint has now been duly amended by attaching a copy of said agreement.

I shall, therefore, refuse the motion to dismiss.

The present motion for consideration, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is to strike from the complaint all averments charging liability to defendants Mary B. Alter and Charles R. Alter for the abstractions and embezzlements of Ludwig R. Schlekat alleged to have occurred subsequent to the alleged termination of the official relation of these two defendants to the Parnassus National Bank on or before October 31, 1947.

It is contended that such averments which relate to Mary B. Alter and Charles R. Alter, after termination of their official

relation to the Parnassus National Bank, is irrelevant and immaterial to the proceeding.

The complaint alleges that the defendants were officers and directors of the Parnassus National Bank during periods as follows:

Charles R. Alter — President from March 18, 1931 through September 24, 1947. Director from January 1, 1935 through October 31, 1947.

Mary B. Alter — Director from August 8, 1935 through October 9, 1947.

Edward H. Blackburn — Vice President and Cashier from March 18, 1931 through August 25, 1951.
Director from August 8, 1935 through the date of closing of the bank.

S. J. Rygiel — Assistant Cashier from September 13, 1948 through August 25, 1951.

Director from January 9, 1941 through January 13, 1948.

The complaint alleges that the amounts embezzled from the bank aggregated the following amounts on the following dates:

| | |
|---|---|
| October 22, 1942 | $ 30,000.00 |
| December 11, 1943 | 31,500.00 |
| June 8, 1944 | 40,000.00 |
| September 9, 1946 | 44,400.00 |
| September 1, 1947 | 78,135.00 |
| September 2, 1947 | 320,000.00 |
| June 29, 1948 | 410,265.33 |
| January 17, 1949 | 433,500.00 |
| July 26, 1949 | 460,000.00 |
| January 25, 1950 | 505,000.00 |
| July 11, 1950 | 525,000.00 |
| February 21, 1951 | 550,000.00 |
| August 8, 1951 | 600,000.00 |

Defendants rely on the principle of law that directors of a bank are liable for only the official mismanagement which occurs during the time of their directorship, and that the fiduciary relationship between a bank and its directors ceases when the latter leave the board. 7 American Jurisprudence p. 217.

It should be noted that in connection with this motion the complaint alleges:

(a) That the defendants, as officers and/or directors of the Parnassus National Bank, knowingly and intentionally violated and permitted to be violated the By-Laws of the bank and various statutes of the United States regulating the conduct of the business and affairs of the bank;

(b) that the defendants wrongfully, wilfully and negligently failed to exercise ordinary care and diligence in the conduct, direction and control of the bank, and wrongfully and wilfully permitted the business and affairs of the bank to be conducted in a grossly careless and grossly negligent manner;

(c) that the defendants, by permitting the affairs of the bank to be conducted in such a loose, negligent and careless manner and by their consequent failure to apprehend earlier embezzlements, encouraged all subsequent embezzlements with the resulting eventual losses therein alleged;

(d) that the gross carelessness and negligence of all of the defendants, but particularly that of Charles R. Alter in connection with the purchase and sale of the controlling interest in the bank to the embezzler and the embezzler's consequent election of himself as president of the bank, resulted in the eventual losses alleged in the complaint.

■ A motion to strike paragraphs of a complaint should be granted only when the allegations thereof have no possible relation to the controversy, and if the court is in doubt whether under any contingency the

**70**

matter may raise an issue, the motion should be denied. United States v. Bize, D.C., 86 F.Supp. 939; Samuel Goldwyn, Inc., v. United Artists Corp., D.C., 35 F. Supp. 633; French v. French Paper Company, D.C., 1 F.R.D. 531.

The factul situation presented by this case is unique, involving, as it does, the embezzler's use of bank funds with which to purchase the controlling interest in the bank.

The facts establish the shocking disclosure of an embezzler placing himself in control of the bank by purchasing that control from the president of the bank and paying for it with funds embezzled under the administration of said president. The crude and shabby manner by which the defalcation was accounted for on the books of the bank would have aroused suspicion upon the slightest perusal thereof.

The Federal Deposit Insurance Corporation asserts that it will prove at the trial of this proceeding that the degree of the defendants' negligence and particularly that of Charles R. Alter, for years prior to and at the time of the stock transaction was so gross as to constitute virtual fraud, and that all the embezzlement losses suffered by the bank were the proximate result.

It would be presumptuous for the Court, at this stage of the proceedings, to foreclose the Federal Deposit Insurance Corporation from submitting such proof.

In the event that the evidence submitted during the course of trial fails to establish any basis from which a jury could conclude that the defalcations subsequent to October 31, 1947 were the proximate result of the negligent conduct of defendants, this Court at such time could entertain a similar motion, but at this stage of the proceeding, the motion, at best, is premature.

Motion to dismiss is refused.

Motion to strike is refused without prejudice to defendants to revive same during trial, defendants being directed to answer complaint within 20 days from the filing of this opinion.

An appropriate Order is entered.