**AMERICAN OIL COMPANY, a corporation, Plaintiff,**

v.

**CANTELOU OIL COMPANY, Inc., a corporation, Defendant.**

**Civ. A. No. 66-299.**

United States District Court
W. D. Pennsylvania.
Sept. 30, 1966.

Donald Very, Phillip R. McLaughlin, Pittsburgh, Pa., for plaintiff.

Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is here on three motions by the plaintiff: (1) to strike the third and fourth defenses contained in the defendant's answer; (2) to dismiss the counterclaim of the defendant; or (3) in the alternative to require the defendant to file a more definite statement of its counterclaim.

The plaintiff brought this action to collect for fuel oil and kerosene sold by the plaintiff to the defendant under contract. In the plaintiff's complaint it is alleged that on June 29, 1965 the defend-

ant oil broker placed an order for the oil and kerosene at specified prices and in quantities to satisfy the defendant's "requirements" between October 1, 1965 and May 31, 1966; that on August 9, 1965, the plaintiff acknowledged the order but limited the quantities of such products which it would supply during the period; that the quantities as specified were delivered; and that payment is due thereon.

In its answer, as a third defense, the defendant asserted that subsequent to the August 9 letter the plaintiff assured the defendant that the plaintiff would fill all of the defendant's requirements and that the plaintiff is estopped from asserting that such limitations were part of the contract.

The fourth defense asserts that the June 29, 1965 order is the contract, that the plaintiff did not comply with its terms in that the plaintiff did not supply all of the defendant's requirements and, as a result, the defendant incurred losses which are set-off against the plaintiff's claim.

In its counterclaim the defendant alleges that the purchase order of June 29, 1965 confirmed a prior oral agreement entered into in June 1965 whereby the plaintiff agreed to supply all of the defendant's requirements for the specified period and in order to fulfill commitments made in reliance on the plaintiff's assurances the defendant had to make purchases at prices higher than those specified in the purchase order. As a result, the defendant suffered substantial losses. (Count I)

In Count II of the counterclaim, the defendant incorporates the matter alleged in Count I and alleges that the plaintiff's refusal to fill the defendant's requirements was "for the purpose of monopolizing or attempting to monopolize, or to combine or conspire with another person or persons to monopolize trade or commerce among the states of the United States in violation of the laws of the

United States, and, specifically, 15 U.S.C. § 2 and 15 U.S.C. § 15."

*Motion to Strike Third and Fourth Defenses*

Rule 12(f) of the Federal Rules of Civil Procedure provides that:

> "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The plaintiff contends that the third and fourth defenses, insofar as they allege that a "requirement" contract was entered into, are an insufficient defense because such contracts are illegal and unenforceable. The plaintiff concedes, however, that requirements contracts are not illegal per se. Tampa Electric Company v. Nashville Coal Company, 276 F.2d 766, C.A.6, 1960.

As a general rule, motions to strike are not favored in the law, Empire Tractor Corporation v. Time, 10 F.R.D. 121 (D.C.Pa.,1950); Barron and Holtzoff, Vol. 1A, § 367, and will usually be denied unless the allegations have no possible relation to the controversy or may prejudice the other party. Federal Deposit Ins. Corp. v. Alter, 14 F.R.D. 67 (D.C.Pa.,1953); Pittston v. Luzerne Corporation v. United States, 86 F.Supp. 460 (D.C.Pa., 1949).

In the *Pittston* case it was stated, at page 461:

> "The language of Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is permissive, so that the Court to which a motion to strike is addressed has a wide measure of discretion, and such motions should not be granted if the Court is in any doubt that the averments objected to cannot avail as defenses, or if, under any con-

tingency, one of the averments may raise an issue. * * * Such motions to strike should be granted only where the allegations have no possible relation to the controversy and the moving party will be unduly prejudiced by a failure to strike. * * *"

And in Smith v. Piper Aircraft Corporation, 18 F.R.D. 169 (D.C.Pa.,1955), at page 177, it was stated:

"A motion to strike was never intended to furnish an opportunity for the determination of disputed and substantial questions of law * * *, and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits."

■ In the instant case, from the pleadings, it is impossible to determine with certainty what contract was entered into. The defendant disputes the plaintiff's allegations that the letter of August 9th, 1965 is in fact the contract agreed upon. The defendant raises the question of waiver, estoppel, and also submits that a June 29th letter represents the contract of the party. Clearly, important questions of fact are presented which must first be determined before resolution can be had of the questions of law involved.

Because the issues raised by the plaintiff can better be determined in connection with a decision on the merits, its motion to strike the third and fourth defenses will be denied.

*Motion to Strike Counterclaim, or in Alternative, for More Specific Pleading.*

The motion to strike or dismiss the counterclaim raises the same issues as presented on the motion to strike defenses. The plaintiff contends that the defendant's attempts to establish a contract which obligates the plaintiff to satisfy the defendant's requirements is invalid and unenforceable. The defendant, in turn, claims that Rule 8 of the Federal Rules of Civil Procedure requires this defense of "illegality" to be pleaded as an affirmative defense and must be raised in this case as a reply to the counterclaim.

Even if the plaintiff's rights here are not strictly limited by the Federal Rules and if its motion to dismiss the counterclaim is properly made under Rule 12(b) as a failure by the defendant to set forth a claim upon which relief can be granted, the plaintiff cannot prevail.

■ As I stated in the case of Grafe-Weeks Corporation v. Air Products, Inc., 32 F.R.D. 211, 212 (D.C.Pa., 1963):

" * * * a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which would be proved in support of its claim."

The plaintiff's motion to strike the counterclaim will, therefore, be denied. The alternative motion for more specific pleading will also be denied.

In Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), the Court speaks as follows: " * * * the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

■ The counterclaim sets forth a short and plain statement of the claim which gives the plaintiff fair notice and grounds upon which it rests its claim. The plaintiff's brief reveals its awareness of the defendant's counterclaim and the contentions here raised in its argument are defenses which should be pleaded in a reply.

In any event, our Federal Rules abundantly provide remedies for discovery by way of depositions or interrogatories. So that if the parties are in need of more details regarding the claim and

defenses as made, they have ample remedies to secure information as they specifically desire it or direct it to be done. In other words, they may guide their need for information rather than to rely upon a more specific pleading which in any event will be the lesser remedy.

For all of the reasons here indicated, the plaintiff's three motions, to strike defenses three and four and to dismiss the counterclaim, or in the alternative to require more specific pleadings will be denied.