In re POCONO RACING MANAGE-
MENT ASSOCIATION, INC.,
Debtor, Plaintiff,

v.

Joseph B. BANKS, Eugene Bartoli and
John J. Passan, Defendants.

Civ. A. No. 76–798.

United States District Court,
M. D. Pennsylvania.

July 8, 1977.

508

Arnold Weiss, Buffalo, N. Y., Albert H. Aston, Aston, Fine, McHugh, Caverly, Wetzel & Geist, P. C., Wilkes-Barre, Pa., for plaintiff.

Morey M. Myers, Robert J. Nolan, Gelb & Myers, Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

HERMAN, District Judge.

On February 25, 1975 plaintiff, Pocono Racing Management Association, Inc., filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, which matter is currently pending before the bankruptcy court. In a related action, plaintiff instituted this suit on June 22, 1976 pursuant to § 67(d) of the Bankruptcy Act, 11 U.S.C. § 107, seeking to recover funds allegedly improperly withdrawn by defendants from a bank account maintained by plaintiff. The 19 transfers described in plaintiff's complaint and which are the subject of this action are sought to be declared null and void under § 67(d) so that the funds may be returned to plaintiff and an appropriate plan of arrangement formulated in connection with the Chapter XI proceeding. With respect to the § 67(d) action, however, defendants have filed a motion to dismiss, to strike and for a more definite statement on several grounds, which are presently before the court. The various contentions raised by defendants in their motions will be discussed *seriatim.*

On April 16, 1976 and prior to the institution of this suit plaintiff filed an action in the bankruptcy court designated as an "Application for Turn Over Order" and directed against defendants. The "Application" ostensibly sought recovery of the same allegedly improperly withdrawn funds with which we are here concerned. Upon the filing by the defendant of a motion to strike the "Application" and dismiss the action for various enumerated grounds, plaintiff then moved for the voluntary dismissal of its "Application," which motion was granted by the bankruptcy judge on July 1, 1976. Then, as we have seen, on June 22, 1976, plaintiff initiated the instant plenary action seeking essentially the same relief.

■ We conclude that this plenary action is within our jurisdiction and properly entertained by this court pursuant to § 23(b) of the Bankruptcy Act, 11 U.S.C. § 46(b):[1]

"The statute governing plenary jurisdiction is § 23(b) of the Bankruptcy Act, 11 U.S.C. § 46(b). That section specifically authorizes the filing of a narrow group of actions arising from bankruptcies in the District Court as plenary actions in bankruptcy, even though no diversity or other independent basis of federal jurisdiction exists. This narrow group consists of cases arising under §§ 60, 67 and 70 of the Bankruptcy Act relating to preference, available liens and fraudulent transfers. Other cases, even though a receiver, trustee or debtor in possession is a party, may not be instituted in the Federal District Court in the absence of an independent basis of federal jurisdiction, such as diversity, with one exception namely, 'consent'. As that term is used in § 23(b), such 'consent' may be express or implied." *Tamasha Town & Country Club v. McAlester Construction Finance Corp.,* 252 F.Supp. 80, 85–86 (S.D.Cal. 1966).

■ Moreover, the jurisdiction of the bankruptcy court is strictly limited to summary jurisdiction of matters in controversy which directly affect the debtor or his property, although summary jurisdiction in Chapter XI arrangement proceedings may be somewhat broader than summary jurisdiction under § 2 (11 U.S.C. § 11) concerning the ordinary adjudicated bankruptcies. See 8, Collier on Bankruptcy ¶ 3.02; *Tamasha Town & Country Club v. McAlester Construction Finance Corp., supra,* at 85, n. 1. Recovery upon a chose in action, or cause of action for damages for tortious conduct, does not involve property or its proceeds which is in the possession or under control of the defendants at the time of the proceeding, and accordingly summary jurisdiction is inappropriate. In *In Re Welded*

---

1. Section 23(b) of the Bankruptcy Act, 11 U.S.C. § 46(b) provides as follows:

   "Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107 and 110 of this title."

*Construction, Inc.*, 339 F.2d 593 (6th Cir. 1964) (per curiam), the lower district court ruled that a turnover order entered by the bankruptcy court' following summary proceedings which directed the return of alleged fraudulent disbursements of the bankrupt's funds by the named defendants was improperly employed in that it sought a money judgment against the defendants for alleged fraudulent disbursement of the funds and did not, in fact, seek funds belonging to the bankrupt corporation and in the possession of a third party. Accordingly, the district court concluded that a plenary action was necessary to seek such a recovery and vacated the bankruptcy judge's order. The decision of the district court was affirmed by the sixth circuit, which reiterated the fact that an action for damages for tortious conduct in the nature of embezzlement, misappropriation or improvident dissipation of assets does not seek specific property or its proceeds which is both a part of the bankrupt's estate and in the immediate possession of the party proceeded against, and therefore is not appropriately resolved in summary proceedings. In this case as in that one a plenary proceeding, in the district court, is required.

The thrust of defendants' motion to dismiss this action appears to be that, in view of the fact that plaintiff has failed to diligently and in good faith pursue its remedy under Chapter XI by timely submitting the necessary supporting documents and statements, plaintiff is not a legitimate and proper subject for relief under Chapter XI and accordingly the court is without subject-matter jurisdiction over this related § 67(d) plenary action. Therefore, defendants maintain that plaintiff's complaint in the above-captioned matter should be dismissed in accordance with 11 U.S.C. § 776 and Bankruptcy Rule 11–42(b).[2]

Sitting in our capacity as a bankruptcy court, it is clear that our jurisdiction to entertain this § 67(d) action under 11 U.S.C. § 46 is dependent on the validity of the underlying Chapter XI proceeding; the provisions of the Bankruptcy Act simply are not effective and available to plaintiff unless a petition initiating proceedings under the Bankruptcy Act has been filed and a decree of adjudication entered. Cf. 11 U.S.C. § 107(a)(1). In this instance, for purposes of jurisdiction, the filing of a petition for arrangement under Chapter XI is tantamount to the filing of a voluntary petition for adjudication in bankruptcy and entry of a decree of adjudication, investing the court with jurisdiction to consider the matter and to grant the appropriate relief afforded under the provisions of the Bankruptcy Act. 11 U.S.C. § 712(2). The Chapter XI proceeding is currently pending before and under consideration by the bankruptcy judge.

---

**2.** Section 776, 11 U.S.C. states, in pertinent part, as follows:

"If the statement of the executory contracts and the schedules and statement of affairs, as provided by paragraph (1) of section 724 of this title, are not duly filed, or if an arrangement is not proposed in the manner and within the time fixed by the court, or if an arrangement is withdrawn or abandoned prior to its acceptance, or is not accepted at the meeting of creditors or within such further time as the court may fix, or if the money or other consideration required to be deposited is not deposited or the application for confirmation is not filed within the time fixed by the court, or if confirmation of the arrangement is refused, the court shall—

    (2) . . . enter an order, upon hearing after notice . . ., either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title or dismissing the proceeding under this chapter, whichever in the opinion of the court may be in the interest of the creditors: *Provided, however,* That an order adjudging the debtor a bankrupt may be entered without such hearing upon the debtor's consent."

Bankruptcy Rule 11–42(b) further provides, in pertinent part, that:

"The court shall enter an order, after hearing on such notice as it may direct dismissing the case, or adjudicating the debtor a bankrupt if he has not been previously so adjudged, or directing that the bankruptcy case proceed, whichever may be in the best interest of the state—

    (1) for want of prosecution . . ..

The court may reopen the case, if necessary, for the purpose of entering an order under this subdivision."

Consequently it appears that the question as to whether plaintiff has been unduly dilatory in pursuing its remedy under Chapter XI is a matter which should be addressed by the bankruptcy judge, and not by this court. While the bankruptcy judge has the prerogative to dismiss the petition on the procedural grounds that plaintiff has not observed the prescribed time limits, under the provisions of Chapter XI, in filing the necessary materials, the bankruptcy judge has not to date dismissed the Chapter XI petition. Accordingly, the underlying proceeding remains valid and does not constitute a basis which will defeat jurisdiction over the § 67 action in our court. We decline to usurp the bankruptcy judge's discretionary powers in a matter which has not been properly raised before him and on which he has made no final decision.

Similarly, we cannot at this time accept defendants' argument that plaintiff is not, other than in a nominal sense, a "debtor in possession" within the meaning of 11 U.S.C. § 742 and that plaintiff has no standing to bring this action based on the fact that plaintiff has been dilatory in neglecting to fulfill its responsibilities as a debtor in possession under Chapter XI. Allegations contained in the complaint indicate that plaintiff believes he is in fact a debtor. A debtor in possession, in turn, has been construed to mean a debtor for whom no receiver or trustee has been appointed in the arrangement proceeding. In *Re Hammond Standish & Co.*, 126 F.Supp. 353, 355 (E.D.Mich.1954). In the absence of any indication in the complaint that a receiver or trustee has been appointed, the court is constrained to conclude that plaintiff is in effect a "debtor in possession" under the terms of Chapter XI. A debtor in possession remains as such and is conferred the status of a trustee until he is effectively ousted. While defendants further argue that a receiver has not been appointed as yet only because plaintiff has failed to file documents containing preliminary information pertinent to a decision as to whether or not a receiver is necessary and should be

selected, this contention is conclusory and highly speculative and does not compel a contrary conclusion. Therefore we find at this time that plaintiff has standing to institute this § 67(d) action by virtue of its capacity as a debtor in possession under Chapter XI. *Cf. Mack v. Bank of Lansing*, 396 F.Supp. 935, 940 (W.D.Mich.1975); 11 U.S.C. § 742.

Defendants also contend that plaintiff is not entitled to an arrangement under Chapter XI because the list of creditors attached to plaintiff's petition for an arrangement is erroneous in that many of the enumerated liabilities do not constitute actual and proper liabilities of plaintiff and were not recognized as bona fide liabilities at the time that they were allegedly accrued. Again, this is a matter which appropriately should be first raised before the bankruptcy judge in connection with the Chapter XI petition and a final decision rendered before we should review the question. Defendants point out that the issue was previously raised before the bankruptcy judge, but also observe that it was raised in response to an application for an order directing defendants to turn over the funds allegedly improperly withdrawn which was subsequently voluntarily dismissed by plaintiff. Accordingly, it would appear necessary and proper for plaintiff to renew this argument before the bankruptcy judge before presenting it to this court.

We are, nevertheless, concerned with the propriety of our jurisdiction under § 67(d) in the above-captioned matter. Recognizing that Fed.R.Civ.P. 8 establishes notice pleading as the procedure in federal courts and that plaintiff is not obliged to supply evidentiary details in its complaint, it is unclear that a cause of action has in fact been set forth in the complaint under either § 67(d)(2)(a) or § 67(d)(2)(d), although it is certain that notice, in imprecise terms, of a claim under § 67(d) has been provided.

The gist of the claim set forth in the complaint appears to be a cause of action under § 67(d)(2)(a).[3] Paragraphs nine,

---

**3.** Section 67(d)(2)(a) of the Bankruptcy Act, 11 U.S.C. § 107(d)(2)(a), states that:

"Every transfer made and every obligation incurred by a debtor within one year prior to

twelve and thirteen of the complaint indicate that 19 transfers were made from plaintiff's bank account by defendants, but on behalf of plaintiff, within one year prior to the filing of the petition for arrangement and at times when creditors of plaintiff had existing and provable claims. Paragraph 13 further states that the transfers were made without fair consideration in that the amounts were in partial satisfaction of antecedent debts incurred to the transferees, but did not constitute a fair equivalent for the discharge of such debts. Paragraph 14 further states that the transfers depleted plaintiff's assets to a value below the total of plaintiff's liabilities and, as a result, rendered plaintiff insolvent.

■ Both a transfer without fair consideration and a transfer that renders the plaintiff insolvent, or is made while plaintiff was insolvent, are requisites to a cause of action under § 67(d). The vice in plaintiff's allegations contained in the complaint is that they deal with 19 transfers collectively, whereas it appears that some, and possibly all, of them were either made to compensate defendants for prior debts owing to defendants or were made while plaintiff was solvent and before the sequence of transfers eventually rendered plaintiff insolvent. Under these circumstances, we believe it is necessary for plaintiff to individuate the details and effect of each of the 19 transfers so that the true existence of a cause of action under § 67(d)(2)(a) can be determined.

Moreover, we do not believe that a cause of action under § 67(d)(2)(d) [4] has been stated with sufficient specificity in accordance with Fed.R.Civ.P. 9(b). While § 67(d)(2)(a) supports a cause of action irrespective of whether or not actual intent to defraud exists, providing the other requisite elements of a § 67(d)(2)(a) action are present, § 67(d)(2)(d) creates a cause of action simply if the transfer was made with the actual intent to defraud or hinder either existing or future creditors, regardless of the debtor's insolvency or whether or not the transfer was made for fair consideration. Rule 9(b) further provides that averments of fraud must be stated with particularity.

■ Paragraph 15 of the complaint states only that the transfers were made by defendants on behalf of plaintiff for the purpose of defrauding and hindering plaintiff's then existing and future creditors. This allegation clearly tracks the statutory language in § 67(d)(2)(d) and is insufficiently broad and conclusory. Paragraph 11 further avers that the transfers were made outside the ordinary course of business of the plaintiff, were not authorized by the Board of Directors of plaintiff, were not for fair and adequate consideration, and were made for the benefit of defendants and not in furtherance of any legitimate corporate purpose. This allegation is a step toward establishing an actual intent to defraud existing or potential creditors of plaintiff necessary under § 67(d)(2)(d), but it addresses itself more to the defendants' alleged motive of obtaining pecuniary benefit, and only inferentially indicates that there may have been an actual *intention to deceive* the creditors. Accordingly, we conclude that allegations of greater particularity with respect to the actual fraudulent intent are appropriate in this instance.

■ In this connection, we also believe that the statements in the complaint both that the transfers were "for no legitimate

---

the filing of a petition initiating a proceeding under this title by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent."

4. Section 67(d)(2)(d) of the Bankruptcy Act, 11 U.S.C. § 107(d)(2)(d), provides as follows:

"Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this title by or against him is fraudulent (d) as to then existing and future creditors, if made or incurred with actual intent as distinguished from intent presumed in law, to hinder, delay, or defraud either existing or future creditors."

corporate purpose" and that they were "for no legitimate reason whatsoever" are neither scandalous, wholly unrelated to the issues raised nor prejudicial to defendants such as would warrant their being stricken from the complaint pursuant to Fed.R. Civ.P. 12(f). See *American Oil Co. v. Cantelou Oil Co.*, 41 F.R.D. 143 (W.D.Pa.1966). While the allegation to this effect may in fact contradict statements of a witness which were made as a part of a public record in another related proceeding, and statements of counsel made in the context of efforts to reach an amicable settlement in this controversy, we nevertheless believe that the allegation is proper as an element of the fraudulent intent, subject to proof at the time of trial. Therefore, defendants' motion to strike will be denied.

Finally, defendants rely on Fed.R. Civ.P. 41(d)[5] in support of their contention that the similarity of the application for a "turn over" order filed with the bankruptcy referee and subsequently voluntarily dismissed, and the instant complaint instituted under § 67(d) justifies the imposition of costs of the application previously dismissed and a stay of the proceedings in this action until the costs are in fact paid. It appears that plaintiff initially did attempt to secure the return of the funds purportedly wrongfully taken by defendants by filing an application for a "turn over" order with the bankruptcy judge in spite of the bankruptcy court's limited statutory jurisdiction. When the application met with opposition by defendants, plaintiff voluntarily withdrew the application and formally brought the instant suit pursuant to § 67(d) of the Bankruptcy Act, seeking in essence the same relief. Because plaintiff aborted its initial, improvident attempt to retrieve the funds and subsequently renewed its efforts under a different and proper avenue of relief, thereby requiring defendants to duplicate their efforts in opposing the return of the funds, we believe that the imposition

of costs of the dismissed application pursuant to Fed.R.Civ.P. 41(d) is warranted under the circumstances. The court will not, however, impose reasonable attorney's fees on plaintiff.

---

**5.** Rule 41(d), Fed.R.Civ.P. provides that:

"If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."