## MEEK v. MILLER.
### No. 277.

District Court, M. D. Pennsylvania.

Feb. 29, 1940.

Albert Houck, of Lewistown, Pa., and Arthur C. Dale, of Bellefonte, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion by plaintiff under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike out paragraph 12 of defendant's answer to plaintiff's complaint. The action is brought to recover damages for injuries resulting from an automobile collision involving the cars of plaintiff and defendant. The basis of plaintiff's complaint is defendant's negligence. After replying to the complaint defendant added a paragraph as follows: "12. Claims were made by the defendant and his wife, who was an occupant in his automobile, against the plaintiff for injuries and damages sustained in said accident by the defendant and his said wife, due to the negligence of the plaintiff herein. The said claims were referred by the plaintiff herein to his indemnifying insurance company, which said company paid the claims of the defendant and his said wife for and on behalf of the plaintiff, the plaintiff thereby admitting negligence and responsibility for said accident."

Plaintiff alleges this paragraph is immaterial, impertinent and scandalous, while defendant tries to justify it by arguing that the paragraph is necessary to comply with Rule 8(c) of the Federal Rules of Civil Procedure, which requires that all affirmative defenses be pleaded.

Under Rule 12(f) matter will not be stricken off merely because it is immaterial or impertinent, if it will not be prejudicial to the party wishing it stricken out, but it will be stricken out on motion where it would result in prejudice to the other party.

Assuming the assertions of defendant's paragraph 12 can be proved, the matter set forth therein would not be admissible in evidence. The fact that plaintiff's insurance company paid defendant's claims against plaintiff does not show an admission of liability by the plaintiff. It shows only a compromise of defendant's claims against plaintiff. Such payment stands in no better position as evidence than an offer of compromise, which latter is inadmissible as proof of admission of liability. Ross v. Fishtine, 1931, 277 Mass. 87, 177 N.E. 811; Hawthorne v. Eckerson Co., 2 Cir., 77 F.2d 844. It will not help defendant's case in any particular if he could prove such payment, but on the other hand, to allow the contested allegation to remain in the pleadings might result in prejudice to the plaintiff.

Therefore, it is ordered that plaintiff's motion be granted, and that paragraph 12 of defendant's answer be stricken from the records as immaterial and impertinent.