## GROSS v. INDEPENDENCE SHARES CORPORATION.

### Civ. A. No. 1035.

District Court, E. D. Pennsylvania.

Jan. 17, 1941.

Harry Shapiro, of Philadelphia, Pa., for plaintiff.

Horace M. Barba, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter comes before the Court on defendant's motions (1) to dismiss for lack of jurisdiction, and (2) to strike paragraphs 5 and 8 from the amended complaint.

The plaintiff is owner and holder of a Capital Savings Plan Contract Certificate purchased from the Capital Savings Plan, Inc., since merged with and now Independence Shares Corporation, a Pennsylvania corporation. Under the terms of the certificate the plaintiff was to make 120 monthly installment payments to the Pennsylvania Company for Insurances on Lives and Granting Annuities. This company, after deducting certain fixed charges, used the balance of these payments to purchase Independence Trust Shares for the benefit of the certificate holders.

The complaint alleges that Independence Shares Corporation and Capital Savings Plan, Inc., made fraudulent misrepresentations and concealments in their sale of the certificate to the plaintiff, and that the plaintiff is entitled to recover under section 12(2) of the Act of Congress of May 27, 1933, entitled the "Securities Act of 1933", c. 38, Title I, 48 Stat. 84, 15 U.S. C.A. § 77l(2).

The plaintiff seeks to recover the sum of $330 which was paid by him on the contract certificate purchased from the Capital Savings Plan, Inc.

There is no diversity of citizenship and the sale was effected without resort to interstate commerce. The plaintiff urges, however, that this court has jurisdiction because the suit is brought to enforce liability created by the above Act. Section 22(a) of the Act, 15 U.S.C.A. § 77v(a), provides that the District Courts of the United States shall have jurisdiction of suits brought to enforce any liability created by the Act.

Section 12(2) of the Act, 15 U.S.C.A. § 77l(2), provides: "Any person who * * * sells a security * * * by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any in-

come received thereon, upon the tender of such security, or for damages if he no longer owns the security."

The United States Supreme Court has held that the Securities Act confers jurisdiction of the suit upon the District Courts irrespective of the amount in controversy or the citizenship of the parties. Robert J. Deckert et al. v. Independence Shares Corporation et al. (Deckert v. Pennsylvania Company for Insurances on Lives and Granting Annuities), December 9, 1940, 61 S.Ct. 229, 85 L.Ed. ——. Therefore, in determining whether the complaint states a cause of action within the purview of the Act, I need only determine whether there is an allegation that the defendant used the mails to sell a security to the plaintiff in a manner declared unlawful by the Act. I am satisfied that the Act confers jurisdiction on this court where fraudulent use of the mails is alleged, whether or not the mails used crossed state lines.

The term "sale" as defined in the Act, Title I, Sec. 2(3), 15 U.S.C.A. § 77b(3), includes "every contract of sale or disposition of, attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security, for value * * *."

In paragraph 9 of his complaint the plaintiff avers that the defendant "in the sale of contract certificates and purchase plans, * * * by use of the mails, * * * have defrauded the plaintiff of money * * *" This general averment, if viewed apart from related and more specific paragraphs, would seem to bring the alleged cause of action within the purview of the Securities Act. However, subsequent more specific averments are to the effect that the representations precedent to the contract were made orally and by personal presentation of written matter by one of the defendant's agents. The first use of the mails averred was in delivery of the contract certificate. The mails were later used for the sending of notices for payments, prospectuses, bulletins and financial statements, which are alleged to have been sent for the purpose of inducing the continuance of payments by the plaintiff. In view of these averments it seems that the mails were not used to procure the contract, but were used to deliver the certificate and carry notices and so forth pertinent to the continuance of payments thereunder. It is not specifically provided that delivery of a security by mail after sale shall create civil liability under the Act when the sale was fraudulently procured. In view of the fact that the Congress specifically provided it should be unlawful and a crime to deliver through the mails in some instances, see Title I, Section 5 of the Act, 15 U.S.C.A. § 77e, I deem failure to so provide for civil liability an indication of the absence of any intention to create civil liability for mere delivery by mail.

However, as explained, the contract was one whereby the plaintiff agreed to pay 120 monthly installments of $10 to the Trustee of a certain trust under a savings plan organized and operated by the defendant. The contract was subject to liquidation at any time upon the giving of notice to the trustee by the plaintiff. The plaintiff contends that his averment that the defendant mailed fraudulent matter to induce him to continue the contract is sufficient to bring the matter within the Act. Undoubtedly the plaintiff did refrain during this period from withdrawing from the savings plan, and the averment affords a basis for proof that such was done because of faith in the representations which were mailed to him by the defendant. I cannot agree that each payment made by the plaintiff was in consummation of a sale, but, if the transaction is viewed practically, it must be admitted that each payment by the plaintiff amounted to a purchase of an "interest in a security for value."

Each payment increased the amount of property to which the plaintiff had acquired equitable title. There was, therefore, an allegation sufficient to bring the complaint within the purview of the Act, since it is alleged that continuance of payments was induced by mailed misrepresentations.

The defendant has also moved that paragraphs 5 and 8 be stricken from the complaint because respectively superfluous and irrelevant.

The mere presence of redundant and immaterial or irrelevant matter is not in itself sufficient grounds for granting a motion to strike the matter from the complaint. Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C., 30 F.Supp. 389. In the event of prejudice to the other party, however, it will be stricken. Meek v. Miller, D.C., 1 F.R.D. 162.

In paragraph 5 of the complaint a section of the Act defining securities is set forth in part. It is true that the court will take notice of all Acts of the Congress

and that this paragraph is therefore redundant. However, since it is in no sense prejudicial to the defendant, it need not be stricken. It will prove no burden to answer it.

Paragraph 8 alleges the fact and cause of merger of the Capital Savings Plan, Inc., into the Independence Shares Corporation, as well as the organization and selling practices of the latter. The fact of merger was earlier alleged. The cause of merger is, in this case, immaterial. The present organization and selling practices of the defendant are likewise immaterial. However, in this instance, proof or attempted proof of the allegations could well prove prejudicial to the interest of the defendant. Therefore, paragraph 8 should be stricken.

Motion to dismiss is denied.

Motion to strike is denied as to paragraph 5 and granted as to paragraph 8.