**William H. DORAN, Jr.,**
**Plaintiff-Appellant,**

v.

**PETROLEUM MANAGEMENT CORP. et al., Defendants-Appellees.**

**No. 77–3389**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 10, 1978.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Wood, Boykin & Wolter, Robert C. Wolter, Corpus Christi, Tex., for plaintiff-appellant.

Pat S. Holloway, Dallas, Tex., for defendants-appellees.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This is our second review of this case. *Doran v. Petroleum Management Corp.*, 5 Cir. 1977, 545 F.2d 893. As frequently happens, the principal issues now revolve about whether a "law of the case" was formulated in our first opinion as to the issues now raised, and, if so, whether the trial court violated our mandate in its subsequent proceedings. Finally, if it did not, the plaintiff-appellant charges that the trial court erroneously decided the issues. Finding the trial court's view of our prior opinion, our mandate, and the applicable law all to be correct, we affirm.

I.

The plaintiff brought this action seeking to rescind a limited partnership entered into for an oil drilling venture on two separate grounds; violation of the Securities Act of 1933, and violation of the Securities and Exchange Act of 1934. He also alleged breach of contract and sought damages on this claim. The defendant pled the one year statute of limitations contained in 15 U.S.C. § 77m. However, the trial court did not reach this issue; it denied all relief to the plaintiff, apparently on the finding that the sale of the partnership interest was exempt as a private offering by 15 U.S.C. § 77d(2). As to the contract claim, the court decided that there had been no breach of the partnership agreement by overproduction of the wells and that, in any event, the plaintiff suffered no loss as a result. *Doran v. Petroleum Management Corp., supra*, 545 F.2d at 897, 908. Thus the trial court had not at the time of the prior appeal ruled on the statute of limitations issue either explicitly or by necessary implication.

On appeal we reversed the dismissal of the Securities Acts claims and remanded to enable the trial court to make further findings on the question whether the defendant was entitled to the exemption. We affirmed that part of the judgment respecting the claim for breach of contract. The remand, however, did not tie the lower court's hands in its task to a bedpost forcing it to stare only at the private placement exemption; it was general in terms and recited only that it was for "proceedings not inconsistent with this opinion." *Doran v. Petroleum Management Corp., supra*, 545 F.2d at 909.

Because the trial court had never ruled on the statute of limitations issue, that issue was neither considered nor decided or

the first appeal. However, after the court's opinion was rendered, the defendant urged the statute of limitations in its motion for rehearing; that motion was denied without opinion.

On remand the defendant filed a motion for summary judgment based on the one year statute of limitations previously pled, 15 U.S.C. § 77m. That motion was granted. While 15 U.S.C. § 77m concerns only the Securities Act of 1933 and the plaintiff's amended complaint also alleges violation of the Securities and Exchange Act of 1934, we indicated in our opinion on the first appeal that the applicable statute was the 1933 Act. *Doran v. Petroleum Management Corp., supra,* 545 F.2d at 899, note 5.

On this appeal, plaintiff urges that the lower court failed to follow the Fifth Circuit's mandate when it dismissed the action as time-barred. Plaintiff reads the remand in its narrowest sense to require further findings only on the private exemption issue.

Our remand was not so strait. The law of the case doctrine, unlike claim preclusion, "applies only to issues that were decided, and 'does not include determination of all questions which were within the issues of the case and which, therefore, might have been decided.'" *Terrell v. Household Goods Carriers' Bureau,* 5 Cir. 1974, 494 F.2d 16, 19, *cert. dismissed,* 1974, 419 U.S. 987, 95 S.Ct. 246, 42 L.Ed.2d 260, citing 1B Moore's Federal Practice ¶ 0.404[10] at 572.

Our remand permitted any resolution not inconsistent with our opinion. Our denial of rehearing was not a determination of the statute of limitations issue; it merely relegated the initial decision of that issue to the trial court. The decision appealed from was not inconsistent with it in any fashion.

In a related area, confronted with amendments to pleadings following a reversal and remand, we said:

> The reversal by this Court was granted for further proceedings not inconsistent with the opinion of this Court . . .
> The parties were free on such a reversal to introduce other evidence and to present by amendment new issues, if not

inconsistent with what the appellate court had adjudged . . . The way was open to introduce an issue about [the matter we did not consider] as fully as it might have been done before the first trial. *Jones v. St. Paul Fire & Marine Ins. Co.,* 5 Cir. 1939, 108 F.2d 123, 125. *See also Perkins v. Standard Oil Co. of California,* 1970, 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534.

## II.

In deciding the statute of limitations issue, as it was correct in doing, the thorough trial judge held that the relevant inquiry was which of the defendant's activities—offer, sale, or delivery—occurred last as that was the time from which to measure the limitation period. This would appear to be the most lenient standard and it is the one we implicitly adopted in *Mason v. Marshall,* 5 Cir. 1976, 531 F.2d 1274, affirming N.D.Tex.1974, 412 F.Supp. 294. On the facts found by the trial court, the application of the statute of limitations to the alleged violation of the 1933 Securities Act was correct.

## III.

The plaintiff has nowhere suggested what violation of the 1934 Securities and Exchange Act, if any, has occurred although he did allege such a violation in his amended complaint. In our first opinion, we indicated that the plaintiff's case hinged on the 1933 Act. *Doran v. Petroleum Management Corp., supra,* 545 F.2d at 899, note 5. There is no suggestion in the plaintiff's brief on appeal that he had then, or, assuming the claim had not been implicitly rejected, has now, any claim based on the Securities and Exchange Act.

The decision of the trial court is therefore AFFIRMED.