**Lewis W. HOLLOWAY, et al.**

v.

**COMBINED EQUITIES, INC., et al.**

**Marguerite Leigh DIEFENBACH**

v.

**COMBINED EQUITIES, INC., et al.**

**Civ. A. Nos. 83–359–B, 83–643–B.**

United States District Court,
M.D. Louisiana.

Jan. 9, 1986.

John C. Anderson, Lemuel E. Hawsey, III, Anderson, Anderson, Hawsey, Rainach & Stakelum, Baton Rouge, La., for plaintiffs.

James R. Austin, Boolus J. Boohaker, Baton Rouge, La., for Louisiana Nat. Bank of Baton Rouge.

Andrew B. Ezell, Schott & Ezell, Baton Rouge, La., for David McCollister.

Robert G. Jackson, Baton Rouge, La., in pro. per. and for Combined Equities, Inc., Combined Equity Securities, Inc., Combined Equity Services, Inc., Combined Equity Properties, Inc., Combined Equity Management, Inc., Combined Equity Realties, Inc., JSHB–80, A Louisiana Partnership, JSHB, Ltd., A Louisiana Ltd. partnership, Robert G. Jackson, Killearn, Ltd., a Louisiana partnership.

John Dale Powers, Downing, Cazedessus & Powers, Baton Rouge, La., for American Bank of Lafayette.

Claude F. Reynaud, Jr., Breazeale, Sachse & Wilson, Baton Rouge, La., for John Doe Ins. Co.

Fred A. Palmer, III, Strain, Dennis, Palmer, Paul West, Roy & Kiesel, Baton Rouge, La., for Capital Bank & Trust of Baton Rouge and David McCollister.

POLOZOLA, District Judge:

This matter is before the court on the motion of defendants[1] Combined Equities, Inc., Combined Equities Securities, Inc., Combined Equity Services, Inc., Combined Equity Realties, Inc., Combined Equity Properties, Inc., JSHB–80, Ltd., Killearn, Ltd., and Robert G. Jackson to dismiss for failure to state a claim upon which relief can be granted.

Plaintiffs allege that the defendants have violated 15 U.S.C. § 77e(a) and 77l(1) by using the mails to sell unregistered securities. Plaintiffs contend that: (1) the securities in question were offered for sale in March of 1981;[2] (2) the sales were made; and, (3) the purchase price of each unit consisted of a cash down payment, two installment notes, and a letter of credit.[3] Plaintiffs further allege that payments were made on the installment notes in September and December of 1982.[4]

■ The defendants contend in their motion to dismiss that plaintiffs' claims under § 77e(a) and § 77l(1) are time barred. The applicable statute of limitations is set forth at 15 U.S.C. § 77m, which provides in pertinent part:

No action shall be maintained to enforce ... a liability created under section 12(1) [15 U.S.C. § 77l(1)], unless brought within one year after the violation upon which it is based.

This suit was filed on March 23, 1983. Combined Equities contends that the sale of the securities was complete more than one year prior to date suit was filed. In response to defendants' motion, plaintiffs argue that the date from which the statute of limitations runs in this case is the date the last payment was made on the promissory note given in payment for the securities.

For reasons which follow, the court finds that the prescriptive period in this suit runs from the date of sale and not from the date the last payment is made on an installment note. Since this suit was filed more than one year from the date of the sale, plaintiffs' suit is timed barred. Thus, defendants' motion to dismiss must be granted.

■ Section 77l(1) provides a civil cause of action for violation of § 77e(a). Section 77e(a) states:

Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

A cause of action based on § 77l accrues at the time that statute is violated. *Folse v. Combined Equities*, 592 F.Supp. 559, 562 (W.D.La.1984); *Bryant v. Uland*, 327 F.Supp. 439, 443 (S.D.Tex.1971). A "violation" for purposes of § 77l is committed "if the seller uses the mails or an instrument of interstate commerce to effectuate any one of the stages of the sales transaction or for delivery after sale...." *Bryant*, 327 F.Supp. at 444. For purposes of the

---

1. The defendants will sometimes be collectively referred to as "Combined Equities."

2. Paragraph 19 of the original complaint.

3. Paragraph 20 of the original complaint.

4. Paragraph 28 as amended in the fourth amended complaint.

limitation period in § 77m, the court must look to "which of the defendant's activities —offer, sale, or delivery—occurred last." *Doran v. Petroleum Management Corp.,* 576 F.2d 91, 93 (5th Cir.1978).

The courts have broadly construed the terms "sale" and "delivery" as used in § 77e(a). Certain principles have been established by the jurisprudence. Thus, transactions such as mailing a confirmation of a sale or mailing certificates of ownership after a sale has been completed have been held by the courts to be violations of the securities act.[5] However, the issue of whether the receipt of a payment on a promissory note given as part of the purchase price for a security constitutes a violation of the Securities Act appears to be *res nova.*

A careful review of the complaint reveals that delivery has not been pleaded. Therefore, plaintiffs' claims under § 77*l* are timely only if all or part of the sales transaction occurred during the one year period prior to March 23, 1983. It is uncontroverted that the only transactions which took place during this period were the installment payments on the promissory notes. Thus, the pertinent question which must be determined by the court is whether those payments completed the sale, as alleged by plaintiffs, or whether the payments were simply the fulfillment of an obligation separate and apart from the sale, as contended by the defendants.

The definition of "sale" provided in the Securities Act is of little help. 15 U.S.C. § 77b(3) simply provides: "The term 'sale' or 'sell' shall include every contract of sale or disposition of a security or interest in a security, for value." Plaintiffs cite cases in which other district courts have held that a sale of a security on an installment contract is not complete for the purpose of § 77m until the final payment is made.[6] Plaintiffs then attempt to analogize payments on the promissory notes in this case to payments on an installment contract. Plaintiffs' argument is without merit and is unsupported by Louisiana law. In Louisiana a sale is complete when there is an agreement between the parties as to the object and the price.[7] Unlike an installment contract, which is not perfected until the final payment is made, a contract of sale in Louisiana is perfected between the parties even if "the object has not yet been delivered, nor the price paid." Louisiana Civil Code article 2456.

The court could only find one other case which has considered the issue now before the court. In *Ingenito v. Bermec Corp.,* 376 F.Supp. 1154 (S.D.N.Y.1974), the court held that payments on a promissory note given as part of the purchase price did not constitute a sale.[8] The plaintiffs in *Ingenito* contended, as do the plaintiffs in this

---

**5.** *See e.g., United States v. Wolfson,* 405 F.2d 779, 785 (2d Cir.1968); *Folse v. Combined Equities,* 592 F.Supp. 559 (W.D.La.1984); *United States v. Kane,* 243 F.Supp. 746, 750 (S.D.N.Y. 1965).

**6.** Plaintiffs cite four cases involving installment contracts, each of which can easily be distinguished factually from the instant case. In *S.E.C. v. Royal Hawaiian Management Corp.,* Fed.Sec.L.Rep. (CCH) P 91,982 (D.C.Cal.1967), the title to the property was held by the seller as security for the full purchase price. This is a conditional sale which is prohibited in Louisiana. In *Morrison v. Pelican Land Development,* Fed.Sec.L.Rep. (CCH) P 98,863 (N.D.Ill.1982), the sale was deliberately structured so that it was not complete until the last payment was made. The court did not answer the question of when the sale was completed in *Pfohl v. Pelican Landing,* 567 F.Supp. 134, 139 (N.D.Ill.1983). Finally, *Gross v. Independence Shares Corp.,* 36

F.Supp. 541, 543 (D.C.Penn.1941), involved a question of whether monthly installment payments on a savings plan was a sale so as to give the court jurisdiction under the Securities Act.

**7.** Louisiana Civil Code article 2456. A conditional sale in which title does not pass until the final payment is made is a legal impossibility in Louisiana. *Wallace Lincoln-Mercury Co. v. Gentry,* 469 F.2d 396, 402 (5th Cir.1972); *Fisher v. Bullington,* 223 La. 368, 65 So.2d 880, 882 (1953).

**8.** Although *Ingenito* was a case under § 10(b) of the Securities Exchange Act of 1934, the Fifth Circuit Court of Appeals has held that the definitions of the term "sale" under the 1933 and 1934 Securities Acts can be treated as functional equivalents. *North Bank of Commerce v. All American Assurance,* 583 F.2d 1295, 1298 (5th Cir.1978).

case, that payments on promissory installment notes constituted sales and, therefore, were violations of the Act. However, the court held that the security interest "was purchased at the time of the initial sale and the rights and obligations of the parties were fixed at the time of the making of the note. Each payment represented not the creation or assumption of new obligations but the fulfillment of those previously created." *Ingenito*, 376 F.Supp. at 1184. This court fully agrees with the analysis and decision made in *Ingenito*.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In this case, plaintiffs have failed to plead facts sufficient to overcome the statute of limitations set forth in 15 U.S.C. § 77m.

Therefore:

IT IS ORDERED that the motion of Combined Equities, Inc., Combined Equity Securities, Inc., Combined Equities Services, Inc., Combined Equity Realties, Inc., Combined Equity Properties, Inc., JSHB–80, Ltd., Killearn, Ltd., and Robert G. Jackson to dismiss plaintiffs' claims under 15 U.S.C. § 77*l*(1) be, and it is hereby GRANTED.