Charles M. REID, et al.

v.

Douglas WALSH. (Two Cases)

Charles M. REID, et al.

v.

EQUITIVEST, INC., et al. (Two Cases)

Civ. A. Nos. 85–355–B, 85–356–B, 85–502–B and 85–503–B.

United States District Court, M.D. Louisiana.

Sept. 30, 1986.

Wendell G. Lindsay, Jr., Lindsay, Marcel & Wells, Scott H. Crawford, Preis & Crawford, Baton Rouge, La., for plaintiffs.

Claude F. Reynaud, Jr., Breazeale, Sachse & Wilson, Baton Rouge, La., Rudolfo J. Aguilar, Jr., for defendants.

POLOZOLA, District Judge.

This is an action filed pursuant to Section 12(1) and (2) of the Securities Act of 1933, 15 U.S.C. § 77*l* and Article 2315 of the Louisiana Civil code. The case is now before the Court on motions filed by the defendants, Douglas Walsh, David McCollister, Equitivest, Inc. and Equitivest Securities, Inc. The defendants have moved to dismiss plaintiffs' claims filed pursuant to § 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l*(1), for failure to state a claim upon which relief can be granted. The defendants also seek to dismiss the claims of David Wilcox and Charles K. Thibodeaux filed pursuant to § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2), and Louisiana Civil Code article 2315 for failure to state a claim upon which relief can be granted.

## A. The Section 12(1) Claims

The defendants have moved to dismiss the claims of the plaintiffs [1] filed pursuant to § 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l*(1),[2] for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] The plaintiffs' § 12(1) claims are based upon the alleged failure of the defendants to file a registration statement.[4] The defendants contend that these claims are barred by the one year statute of limitations contained in § 13 of the Act, 15 U.S.C. § 77m.[5] Although the defend-

---

**1.** Charles M. Reid, A.E. Hood Enterprises, Samuel Crockard Terry, Jr., Dr. Derris W. Ray, Dr. Steve Chatelain, Dr. R. Vincent Kidd, Dr. J. Nelson Perret, Dr. Kyle L. Caulfield, Dr. David E. Gaudin, Glen A. Peck, Cindy S. Hood, William K. Hood, Clifton N. Ourso, Charles K. Thibodeaux and David Wilcox are the named plaintiffs in this case.

**2.** Section 12(1) of the Securities of 1933, 15 U.S.C. § 77*l*(1), provides:

Any person who—
(1) offers or sells a security in violation of 77e of this title ...
shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

**3.** The defendants labeled this motion and the motion to dismiss the § 12(2) claims, discussed *infra*, as motions to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In a supplemental memorandum filed by the defendants, they concede that these motions were mislabeled and should have been submitted pursuant to Rule 12(b)(6).

**4.** Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, provides, in pertinent part, that:
(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—
(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or
(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

. . . . .

(c) It shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under section 77h of this title.

**5.** Section 13 of the Securities Act of 1933, 15 U.S.C. § 77m provides:

No action shall be maintained to enforce any liability created under section 77k or section § 77*l*(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77*l*(1)

ants deny any violations of § 12(1), they assert that any actions by them which could constitute a violation of § 12(1) would necessarily have occurred prior to May 10, 1983, the date partnership documents were executed and the amended articles of partnership were filed. The present suit was filed on April 11, 1985.[6] Since more than one year has elapsed between May 10, 1983 and the date of the filing of this suit, the defendants argue that the 12(1) claims are barred by Section 13 of the Act.

■ The plaintiffs oppose defendants' motion to dismiss on two grounds. First, plaintiffs assert that the statute of limitations set forth in Section 13 commenced to run in October of 1984 and, therefore, this action was timely filed. Plaintiffs rely upon *Doran v. Petroleum Management Corp.*, 576 F.2d 91, 93 (5th Cir.1978), wherein the Court stated that "the relevant inquiry [is] which of the defendant's activities—offer, sale or delivery—occurred last as that [is] the time period from which to measure the limitation period." The plaintiffs submit that the last violation occurred in October of 1984 when Larry Walsh, the general partner, drew upon the limited partners' letters of credit which were serving as security for their promissory notes. This contention is without merit. In *Holloway v. Combined Equities, Inc.*, 628 F.Supp. 59 (M.D.La.1986), this Court held that receipt of a payment on a promissory note given as part of the purchase price for a security does not constitute a violation of

the Securities Act of 1933. Since the proceeds derived in this case from the letters of credit "funded the amounts due under each plaintiff's promissory note",[7] the Court finds that the action of Walsh in drawing upon plaintiffs' letters of credit is the equivalent of payment of the promissory note. For the reasons set forth in *Holloway*, Walsh's actions in drawing upon the plaintiffs' letters of credit cannot be considered a violation of the Securities Act. Therefore, the date on which the letters of credit were drawn upon cannot be used as the date upon which to base the commencement of the statute of limitations in this case.

In the alternative, the plaintiffs invoke the doctrine of equitable tolling to estop the defendants from asserting the statute of limitations as a defense. There is a conflict in the circuits as to whether the doctrine of equitable tolling of the Section 13 period is applicable to non-registration claims.[8] The Fifth Circuit Court of Appeals has not ruled on this issue.

When the issue of equitable tolling came before the Court in an earlier motion, the Court did not decide whether the doctrine was applicable to non-registration claims because the Court found that insufficient allegations had been set forth in the complaint to rely on the doctrine of equitable tolling. Therefore, the Court issued an order[9] requiring the plaintiffs to amend this complaint to set forth facts to support

of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77*l*(1) of this title more than three years after the security was bona fide offered to the public, or under section 77*l*(2) of this title more than three years after the sale.

6. On April 11, 1985, the plaintiffs filed four lawsuits against the defendants Douglas Walsh, David McCollister and Equitivest, Inc. Two of these suits were filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge and two suits were filed in the United States District Court for the Middle District of Louisiana. The two state court suits were timely removed, and on September 20, 1985, the Court granted the defendants' motion to consol-

idate the suits 620 F.Supp. 930. Subsequently, the plaintiffs amended their complaints to include Equitivest Securities, Inc. as a defendant.

7. See paragraph 23 of the complaint.

8. Compare *Cook v. Avien, Inc.*, 573 F.2d 685, 691 (1st Cir.1978) [" ... under the explicit language of § 13, the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation."] and *McCullough v. Leede Oil & Gas, Inc.*, 617 F.Supp. 384, 387 (W.D.Okla.1985) with *Katz v. Amos Treat & Co.*, 411 F.2d 1046, 1055 (2d Cir.1969); *Houlihan v. Anderson-Stokes, Inc.*, 434 F.Supp. 1319, 1322 (D.D.C.1977); *LeCroy v. Dean Witter Reynolds, Inc.*, 585 F.Supp. 753, 758 (E.D.Ark.1984).

9. See the Court's minute entry of July 9, 1986.

their claim of the doctrine of equitable tolling. In addition, the Court ordered that the motion to dismiss be converted to a motion for summary judgment.[10]

■ The plaintiffs timely amended their complaint. However, the Court finds that the complaint as amended fails to contain allegations that would support the application of the doctrine of equitable tolling to estop the defendants from asserting the statute of limitations as a defense. There is no allegation in the complaint that the defendants fraudulently concealed or misrepresented the status of the security with regard to whether it was registered or not. In those circuits where the doctrine of equitable tolling of the Section 13 period has been held applicable to non-registration claims, there has been a requirement of relating the fraudulent concealment to the registration of the security in order to toll the statute of limitations with regard to the Section 12(1) non-registration claim.[11]

Not only does the complaint fail to set forth sufficient allegations to support the application of the doctrine of equitable tolling, but the evidence submitted by the defendants clearly shows that the doctrine does not apply under the facts of this case. In support of their motion for summary judgment, the defendants have submitted the affidavits of Douglas M. Walsh and James H. (Rip) Collins. Each of these affiants deny they made any representations that a prospectus and/or registration would be obtained or attempted to be obtained in the future. Walsh stated that although a private placement memorandum was prepared and offered to individuals, it was done only as a private offering as was clearly stated in the memorandum. This memorandum which was attached to Walsh's affidavit states in part:

THE LIMITED PARTNERSHIP UNITS OFFERED HEREBY HAVE NOT BEEN REGISTERED WITH OR APPROVED OR DISAPPROVED BY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION (THE "COMMISSION") OR THE COMMISSIONER OF SECURITIES OF THE STATE OF LOUISIANA (THE "COMMISSIONER") NOR HAS THE COMMISSION OR THE COMMISSIONER PASSED UPON THE MERITS OF THE OFFERING OR THE ACCURACY OR ADEQUACY OF THIS MEMORANDUM. ANY REPRESENTATION TO THE CONTRARY IS A CRIMINAL OFFENSE. THE UNITS OFFERED HEREIN WILL BE OFFERED ONLY IN THE STATE OF LOUISIANA, AND THEREFORE, ANY INDIVIDUAL PURCHASING A UNIT MUST PURCHASE FOR INVESTMENT AND NOT WITH A VIEW TOWARD PUBLIC DISTRIBUTION OR RESALE. ALSO, THE UNITS OFFERED HEREIN WILL BE SUBJECT TO SPECIAL RESTRICTIONS ON TRANSFERABILITY BECAUSE OF THE INTRASTATE NATURE OF THE OFFERING. SEE "RESTRICTIONS ON TRANSFEABILITY".

[All capitals used in the original.] The plaintiffs have submitted no evidence to rebut the evidence submitted by the defendants.

Although a motion for summary judgment "may be granted only if it appears from pleadings, depositions, admissions and affidavits, considered in the light most favorable to the non-moving party, that there is no genuine issue as to any material fact and that the moving party is entitled to

---

**10.** Rule 12(b)(6) of the Federal Rules of Civil Procedure provided in part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of a pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material pertinent to such motion by Rule 56.

**11.** *Katz v. Amos Treat & Co.,* 411 F.2d 1046, 1055 (2d Cir.1969); *Houlihan v. Anderson-Stokes, Inc.,* 434 F.Supp. 1319, 1322 (D.D.C. 1977); *LeCroy v. Dean Witter Reynolds, Inc.,* 585 F.Supp. 753, 758 (E.D.Ark.1984).

judgment as a matter of law," [12] it is incumbent upon the non-moving party, once such burden has been met, to counter the mover's evidence with competent evidence setting forth specific facts to show that there is a genuine issue of material fact which would preclude the court from granting the motion for summary judgment. [13]

The defendants have presented unrebutted evidence in support of their motion for summary judgment that there had been no fraudulent concealment of the non-registration of the security by defendants. Thus, the Court finds that the doctrine of equitable tolling does not apply under the facts of this case. Since the Court has previously found plaintiffs' claim under Section 12(1) of the Securities Act of 1933 has prescribed, defendants' motion to dismiss and for summary judgment is granted as to this claim.

B. *The Wilcox and Thibodeaux claims made pursuant to § 12(2) of the Securities Act of 1933 and Article 2315 of the Louisiana Civil Code.*

The defendants have also moved to dismiss the claims of David Wilcox and Charles K. Thibodeaux made pursuant to § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2) [14] and Article 2315 of the Louisiana Civil Code [15] for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' motion is based on two grounds: (a) the § 12(2) claims are barred by the one year statute of limitations contained in Section 13; [16] and, (b) the claims made pursuant to article 2315 are barred by the one year prescriptive period contained in article 3492 of the Louisiana Civil Code.[17] In support of their motion, the defendants have attached excerpts of the depositions of David Wilcox, Charles K. Thibodeaux and James Collins. Because evidence was submitted in connection with this motion, the Court converted the motion to dismiss to a motion for summary judgment [18] and gave the parties twenty days to file additional evidence in support of or opposition to the motion.

■ After reviewing the evidence presented in connection with this motion, the Court finds that there are genuine issues of material fact to be resolved on whether Wilcox and Thibodeaux knew, or should have known, of any misstatements with respect to the projects which are the subject of the present suit. Therefore, de-

**12.** *Galindo v. Prescision American,* 754 F.2d 1212, 1216 (5th Cir.1985).

**13.** *Ferguson v. National Broadcasting Co.,* 584 F.2d 111, 114 (5th Cir.1978) and *Munoz v. International Alliance of Theatrical Stage Employees & Moving Picture Machine Operators,* 563 F.2d 205, 214 (5th Cir.1977).

**14.** Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2), provides:
Any person who—

. . . . .

(2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the

burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

**15.** Louisiana Civil Code article 2315 provides, in pertinent part,· that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

**16.** See note 5 *supra,* for the text of Section 13 of the Securities Act of 1933.

**17.** Article 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

**18.** See note 10, *supra.*

fendants' motion for summary judgment which seeks to dismiss the Section 12(2) claims of Wilcox and Thibodeaux is hereby DENIED.

### C. *Summary and Conclusion*

The Court finds that defendants' motion to dismiss the Section 12(1) claims should be granted since the plaintiffs failed to timely file their suit within the one year statute of limitations. The Court further finds that the doctrine of equitable tolling does not apply under the facts of this case. Therefore, defendants' motion for summary judgment on this issue must be granted. Finally, the Court finds that defendants' motion for summary judgment on the Section 12(2) and Article 2315 claims asserted by Wilcox and Thibodeaux must be denied.

IT IS SO ORDERED.